FRANK L. WILDER, Plaintiff, *v.* STANLEY Y. BEACH, Defendant.

City Court of New York, New York County, August 21, 1930.

*Robbins S. Rutherford*, for the plaintiff.

*Wolfson & Sand*, for the defendant.

RYAN, J. Motion to open defendant's default and to vacate the judgment entered upon a stipulation and permitting the defendant to pay the balance due pursuant to the terms of the stipulation. The action was brought to recover the sum of $2,500 for services alleged to have been rendered and was duly reached for trial on October 17, 1929. Before any testimony was offered and in open court after a conference between defendant and his counsel and

counsel for the plaintiff a stipulation settling the controversy was entered into and made a part of the record in these words: " It is hereby stipulated and agreed by and between the parties to this action that defendant will pay one thousand ($1,000.) Dollars in settlement of plaintiff's claim at the office of the attorney for plaintiff as follows: Seven hundred ($700.) Dollars within one week, and three hundred ($300.) Dollars within six months; that the defendant withdraws his answer herein. And it is further stipulated and agreed that upon failure of defendant to comply with the terms of payment herein judgment may be entered against him without further notice for the full amount of plaintiff's claim, together with costs, disbursements and interest, plaintiff, however, to credit defendant upon the execution with the payments made on account." The defendant paid the first installment due, but failed to make the other payment on April 17, 1930. On May 2, 1930, judgment was entered in accordance with the terms of the stipulation for the amount demanded in the complaint. Defendant does not question the terms of the agreement, nor does he move to be relieved from the stipulation, but submits affidavits to show that his default was neither willful nor deliberate. The courts look with favor upon agreements to settle disputes and to put an end to litigation. Such contracts are reasonable and proper and should be enforced if possible. It has repeatedly been held that a party may, if the agreement be not unreasonable nor against good morals or sound public policy, stipulate away his rights, both statutory and constitutional, and make the law applicable to the action, and that such an agreement will be enforced. (*Lee* v. *Rudd*, 120 Misc. 407, 410, and cases cited.) The present Rules of Civil Practice provide many instances where judgment may be ordered on motion and without trial. (*Lee* v. *Rudd*, *supra*.) Upon the facts submitted the court is without power to modify or alter the stipulation in any material way. It was a formal agreement to settle the controversy and not a mere arrangement between counsel made during the trial of the case. It could not be set aside, except as the result of an action brought on approved grounds in a court of equitable jurisdiction. (*Equitable Trust Co.* v. *MacLlaire*, 77 Misc. 116. See, also, *Dubuc* v. *Lazell*, 182 N. Y. 482.) It has been held that a stipulation having all the binding force of a contract should not be set aside on less grounds than would justify the setting aside of any other contract; and where by statute, stipulations settling the issues to be tried are made effective as verdicts, the reasons advanced for setting them aside must be as weighty as those required to set aside a verdict. In order to warrant the court in interfering to relieve a party from a stipu-

lation there must be a showing of fraud, collusion, mistake, accident or surprise. (36 Cyc. 1295.) No one of these elements is urged by the defendant. I am constrained to hold that the stipulation entered into between the parties under the circumstances disclosed is a binding agreement, and defendant's motion must be denied.