JOHN R. FOOTE and ANDREW J. FOOTE, Respondents, *v.* CARRIE ADAMS and Others, Defendants, Impleaded with DAVID BANDLER, Respondent, and THE PEOPLE OF THE STATE OF NEW YORK, Appellant. (Actions Nos. 1 and 2.)

Second Department, March 13, 1931.

*Eugene L. Brisach, Deputy Assistant Attorney-General [Hamilton Ward, Attorney-General,* and *Charles E. Congdon, Assistant Attorney-General,* with him on the brief], for the appellant.

*Eugene R. Hurley,* for the plaintiffs, respondents.

*Benjamin Kaplan,* for the defendant, respondent.

*Dominic B. Griffin,* for the Long Island State Park Commission as *amicus curiœ.*

PER CURIAM. This is a partition action, to which the State of New York was not made a party. Upon motion to intervene, it became a party defendant. The lands involved consist of a large gore embracing salt meadow lands, islands, lands under water, and about 7,000 feet of beach land fronting on the Atlantic ocean. A large part of the beach lands were conveyed to the State by the towns of Hempstead and Oyster Bay for the purpose of creating Jones Beach State Park. The State has since spent several million dollars for a causeway leading to, and in the development of the park. The State, in its answer, alleged that it had title in fee, under its deed from the town of Hempstead, to the beach and causeway property.

On November 21, 1927, the State, by the Attorney-General, stipulated in writing with plaintiffs and some of the defendants to sever the action into two actions, so that action No. 1 was to include the lands to which the State made a claim. Action No. 2 was to include no such lands. The object of the stipulation was to enable the parties to litigate with less delay and expense as to the lands in which the Attorney-General assumed the State had no claim. Action No. 2 was thereupon discontinued as to the State and it was agreed the State would not again ask to be made a party defendant in action No. 2, so long as the plaintiffs and defendants do not offer evidence in action No. 1 " calculated to show the title to the lands conveyed to the People of the State of New York by the Town of Hempstead in any other person than the People of the State of New York." It was further agreed that, if any such evidence were offered in action No. 1, the State could come in and introduce evidence. The stipulation also provided that if such evidence is introduced in action No. 1, as to the lands conveyed to the State by the town of Hempstead, and the State desired to reopen action No. 2, its motion is to be noticed and heard before the time to offer testimony in action No. 1 shall have expired.

The motion made by the Attorney-General, from which this appeal is taken, is for an order relieving the State from the effect of said stipulation and permitting it to answer and defend in both actions. The motion was denied by the county judge.

On December 7, 1927, an interlocutory judgment was entered

which was thereafter vacated, and the sale as against the towns of Hempstead and Oyster Bay was set aside. Thereafter the matter was referred to a new referee to take proof of title. It is contended that it is important to the State to submit to such referee the evidence to support the rights and claims of the People of the State of New York. The State alleges that the stipulation above mentioned enables the parties to the action to claim rights beyond those contemplated when the stipulation was executed, and that it has developed that the stipulation has worked to the serious detriment of the State, and, if sustained, a proper consideration of the rights of all the parties will not be before the court.

It is said that after action No. 2 went to judgment, the State, through the Long Island State Park Commission, learned that the judgment extended the area described in the complaint, so that title to a part of the Jones Beach causeway and Jones Beach State Park might be affected.

In opposition to the State's motion to be relieved from the stipulation, it is contended that the stipulation was fairly entered into with a valid consideration and settled the litigation so far as the State was concerned; that the court below could not set it aside; that the application of the State is without merit; that the Attorney-General had power to make the stipulation and that it was ratified by the State.

Regardless of any technicality as to the effect of the stipulation, we are inclined to take a broader view of the circumstances. While we recognize precedents to the effect that settlements may be made by contracts which are not subject to judicial action (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435; *Sears* v. *Grand Lodge A. O. U. W.*, 163 id. 374), we think that public policy demands that the claims of the State be heard when the issues involved are tried. We are not deciding the merits of these issues.

The People of the State of New York should not be barred from ·a hearing on the merits, because of the possible mistaken judgment of the Attorney-General in a situation such as is presented in this case, where the State has spent millions in a great and far-reaching plan for the public welfare. To cripple the scope of the State park work because of a stipulation entered into when the minds of the parties seemingly did not meet upon a common understanding, should not be permitted.

The learned court below referred to the deed from Bandler and wife to the State, which it said prevented the State from being relieved of the stipulation until such time as the State reconveyed the property to Bandler. An affidavit of the Deputy Attorney-General shows that the State is willing to return the property to Bandler. Thus the parties may be restored to their original status.

The misapprehension or lack of understanding on the part of the Attorney-General at the time when the stipulation was signed is sufficient to justify our conclusion that the State should be relieved from the effect of the stipulation. " It is sufficient if it appears that either party has inadvertently, unadvisably or improvidently entered into an agreement which will take the case out of the due and ordinary course of proceeding in the action, and in so doing may work to his prejudice." (*Van Nuys* v. *Titsworth*, 57 Hun, 5.) " Where both parties can be restored to substantially their former position the court, as a general rule, exercises such power if it appears that the stipulation was entered into inadvisedly or that it would be inequitable to hold the parties to it." (*Magnolia Metal Co.* v. *Pound*, 60 App. Div. 318.)

The circumstances in this case " reveal that the stipulation should not be held, in order to promote justice and prevent wrong." (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435, 445.)

The order should be reversed upon the law and the facts, and the motion granted.

LAZANSKY, P. J., HAGARTY, CARSWELL, SCUDDER and TOMPKINS, JJ., concur.

Order of the County Court of Nassau county, denying appellants' motion to be relieved from the effects of a certain stipulation and to permit them to file an answer, reversed upon the law and the facts, without costs, and motion granted, without costs.