In the Matter of the Claim of BENJAMIN MILLER, Respondent, against STODDARD RESTAURANT, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeals by an employer and its insurance carrier from decisions and awards made by the Workmen's Compensation Board in favor of claimant. Claimant was injured in a compensable accident on August 30,

1945, wherein he suffered extensive burns. A few weeks after he returned to work in March, 1946, he became mentally ill, was hospitalized therefor and on July 15, 1946, he was certified to Central Islip State Hospital for care and treatment, his illness having been diagnosed as dementia praecox, paranoid. Upon the referee's hearing upon the claim the question whether claimant's mental illness was causally related to the injuries he suffered in the accident was litigated, and there was competent and expert opinion evidence both pro and con. Thereafter and on September 14, 1950, the referee made a decision that there was no such causal relation and on December 11th, awards for periods of temporary total and permanent partial disability and facial disfigurement were duly made. Thereafter, prompted by a suggestion or request by an agent of the Department of Mental Hygiene, by a letter dated January 23, 1951, the board reviewed the aforesaid referee's decisions, and by the decisions and awards now appealed from the referee's decision as to no causal relation was reversed, all prior awards except as to an attorney's lien were rescinded, causal relation of claimant's mental illness and psychosis and his accidental injuries was found, new disability awards were made accordingly and the case was restored to a referee's calendar for further consideration. Appellants' sole contention is that the board was without power to review the referee's decision and awards upon the application of the Department of Mental Hygiene. The record expressly discloses that in undertaking the review it did so upon its own motion. Such was within the power and jurisdiction granted to it. (Workmen's Compensation Law, §§ 123, 22, 15, subd. 6-a.) The incident or means, so far as here shown, which may have prompted the board to notice the matter and called to its attention a consideration of the review, are immaterial to an exercise of its continuing jurisdiction. Decisions and awards affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Halpern, JJ., concur. [See *post*, p. 929.]