■ In the Matter of the Claim of ENOS B. JANES, Respondent, against MEACHAM PONTIAC CO. INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and carrier appeal from a decision of the full Workmen's Compensation Board on the ground that the full board lacked the power to reverse the decision of a three member panel of the board on the issue of credibility. Upon conflicting evidence, which is concededly legally adequate to sustain a factual finding either way, the referee found that claimant sustained an accident arising out of and in the course of his employment. Upon review a three member panel reversed the referee, and, by a two to one vote, decided that the weight of evidence failed to support the claim of accident. Claimant's attorney then wrote the board requesting it to review the panel decision " on its own motion ". The board elected to do so, and, by a vote of eleven to one, reversed the panel and reinstated the referee's decision and award. Under subdivision 2 of section 142 of the Workmen's Compensation Law, the decision of the board panel constitutes the decision of the board " unless the board on its own motion modify or rescind such order, decision or determination ". While the claimant did not have a statutory right to apply to the full board for a review, a request to act " on its own motion " does not vitiate the broad power given to the board. (*Matter of Miller* v. *Stodfard Restaurant,* 281 App. Div. 722.) Both the majority opinion and the formal decision of the board recite that the review was " on its own motion ". The general power of the board over its awards and decisions granted by section 123

of the Workmen's Compensation Law is broad and continuing, and should receive a broad and liberal construction. (*Matter of McSweeney* v. *Hammerlund Mfg. Co.*, 275 App. Div. 447.) Decision affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.