In the Matter of the Claim of Rocco PARELLA, Respondent, *v.* HARROD STEEL ERECTION Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 8, 1963.

452

*Bernard F. Farley* and *F. T. Esposito* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Harry Rackow* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Phillips & Kalb* for claimant-respondent.

BERGAN, P. J. This appeal tests the area of power of the Workmen's Compensation Board to revise decisions and awards, and the extent to which parties affected shall have detailed notice of the process of revision. The form of the Board's ultimate findings is also in issue.

The record discloses a long course of proceedings before the Board, its Referees, and its panels, commencing October 16, 1957 before a Referee who, on April 13, 1959, dismissed the claim, and ending almost five years later, February 28, 1962, with a Board panel decision for the claimant. This decision is the subject of the present appeal by the employer and carrier.

The original issue in the case as framed by the appellants at the first hearing before the Referee on October 16, 1957 was "accident, notice, causal relationship" and "a possibility of Section 28", and this followed the general terms of a notice of controversy of January 31, 1957. Whether appellants have had reasonable opportunity to present that issue is a significant problem on appeal.

Following the Referee's determination of April 13, 1959 dismissing the claim on the ground that the "claimant's disability * * * was not causally related to an accident in the course of his employment", a panel of the Board on January 22, 1960, reversed the decision and restored the case to the Referee calendar. Consistently with this the Referee on April 6, 1961 determined: "accident notice and causal relation established".

Upon application of the carrier to the Board for review, another panel of the Board on July 20, 1961 reversed the last decision of the Referee. Two members of the panel had not sat on the last panel. One member of the new panel who had not before participated dissented from the decision; the member who had sat in the last panel and another member who had not sat, concurred for reversal and dismissal. The majority was of opinion the claim "is an afterthought". Claimant then applied for a full Board review; this having been denied, claimant appealed to this court.

Apparently concerned about the uneven course followed by the case before its two panels and about its own prior refusal

to permit a review, the full Board on January 4, 1962 adopted a resolution that the case "be accepted for full Board review" and further, that "following such acceptance", the case be referred to an entirely new panel, named in the resolution, "to determine the case on its merits de novo". On February 28, 1962 the new panel named in the full Board resolution made a decision in favor of claimant. It is this decision which is now reviewed on appeal.

Aside from the question of opportunity of appellants to argue further or to present additional proof, the authority of the Board to adopt the resolution of January 4, 1962 and undo what its panels and Referees had previously done, and to direct an entirely fresh evaluation of the claim is beyond all doubt. The "power" and the "jurisdiction" of the Board "shall be continuing" and it may make from time to time "such modification or change" relating "to former findings, awards, decisions or orders" as it may regard as "just" (Workmen's Compensation Law, § 123).

It would be difficult to spell out plenary power over decisions in broader terms than these. The power has been construed consistently with its breadth. In some respects the decision in *Matter of Ingberg* v. *Zimmerman* (261 N. Y. 551) is similar to the case before us.

There was in that case an issue of coverage; both the Referee and the Board panel found the employer not covered by the carrier and an award was made against the employer only. A compromise settlement was made between claimant and employer, but thereafter the Board reopened the case, held there was coverage, and made an award against the carrier as well as the employer. Against the argument of the carrier that the Board lacked this power, the award was affirmed.

In *Matter of Krevac* v. *310 East 55th St.* (261 App. Div. 860) the power of the Board to set aside a decision disallowing an award and directing an award was affirmed upon the authority of *Matter of Ingberg* and this decision was affirmed (287 N. Y. 621).

Discussing in 1949 the effect of these decisions upon the power conferred by section 123, we noted that this "includes the right so to modify a decision as to reach a different result upon the same record" (*Matter of McSweeney* v. *Hammerlund Mfg. Co.*, 275 App. Div. 447, 449). See, also, by way of illustration *Matter of Smith* v. *McKesson & Robbins* (235 N. Y. 575); *Matter of Miller* v. *Stoddard Restaurant* (281 App. Div. 722) and *Matter of James* v. *Meacham Pontiac Co.* (3 A D 2d 622).

The opportunity of the appellants to present facts before the Referees and to develop the record was unrestricted. Their factual and legal arguments before the two Board panels and their various applications before the Board occupy substantial places in the record. There is not the slightest suggestion on this appeal that appellants have any more to prove or any more to say by way of argument.

The Board announced the names of the new panel in its January 4, 1962 resolution and the decision was not rendered until nearly two months later. No application was made by appellants to this panel to be heard further. The panel had before it the entire record of proof and arguments that had been made over the previous five years. It did not act in a vacuum; rather it is presumed to have acted on the full record.

Although an appeal had been taken to this court by claimant from the 1961 decision of the Board adverse to him, this appeal was later withdrawn and the intervening action of the Board after appeal was taken was not prejudicial to him. Decisions such as *Matter of Jones* v. *Schenectady Boys Club* (276 App. Div. 879) and *Matter of Hutton* v. *Ford Motor Co.* (3 A D 2d 169) are not controlling.

Appellants question the form of the Board's findings. The statutory requirement is that the Board, upon application to it for review, shall include in its decision " a statement of the facts which formed the basis for its action " (Workmen's Compensation Law, § 23). In our opinion the decision meets the statutory prescription exactly.

We have been critical from time to time of indefinite forms of factual findings which leave the court on appeal uncertain of exactly what facts are found and what not found, and we have attempted to suggest that ambiguity beclouds judicial review.

But there is nothing ambiguous about the form of fact-finding now before us. The vital facts are laid down simply and clearly. Unencumbered by loose rationalization, that which is essential to decision is stated without equivocation. There is no spelling out of evidentiary components. The findings are made, as they should be, in the form of conclusions of fact.

In a short paragraph, the decision recites the medical history of the case. It then finds in plain words " that claimant sustained an accidental injury to his left thigh on July 2, 1956 arising out of and in the course of employment when he tripped over a loose block and struck the left thigh against a metal outrigger." In a single sentence which it is not possible to misread or misconstrue, the Board further finds " that the accidental injury of July 2, 1956 aggravated a pre-existing sarcoma

and necessitated amputation of the left leg ''. It concludes that accidental injury, notice, and causal relation are established. Thus every important condition of good fact-finding is met.

On the merits, a question of fact is presented. Whether claimant sustained the injury to his leg on July 2, 1956 or not; whether this injury aggravated a pre-existing carcinoma in the thigh which in turn required amputation, are both questions for the Board whose decision is supported by substantial evidence.

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.