Caroline K. Simon, J.
The Attorney-General moves to amend a decision of this court filed November 8, 1963, in which claimant was awarded the sum of $2,672, with interest thereon from October 25, 1962 to the date of entry of judgment, as and for all damages arising out of Claim No. 41045. The claimant’s counsel submitted an affidavit in opposition. No judgment has yet been entered in connection with the award.
Simultaneous with the filing of the court’s decision, the court marked “ Found ” defendant’s proposed Finding No. 43, in which the Attorney-General stated that the termination date of the temporary easement which was the subject of the instant claim was October 25,1962 and the court considered defendant’s afore-mentioned finding in preparing its decision.
Defendant’s moving affidavit sets forth as grounds for amendment the fact that a stipulation made in open court by counsel for both parties on September 25, 1963, fixing the date of the termination of the easement to be October 25, 1962, was in fact erroneous. The Attorney-General seeks an order declaring the date of the termination of the easement to be November 17, 1960 and awarding damages consistent therewith, based on an official contract acceptance annexed to the affidavit as Exhibit “ 0 ”.
In essence, defendant asks the court to set aside and nullify the aforesaid oral stipulation and to amend the decision, and also to amend the marking of the Attorney-General’s finding of fact, all on the ground of a unilateral mistake of fact not discovered by the Attorney-General until after the decision -was rendered. The finding adopted by the court confirming the stipulated date was submitted by the Attorney-General who now seeks to be relieved of the effect of that stipulation and finding.
Claimant’s counsel opposes the motion on the ground that the stipulation was entered into fairly, and that absent fraud, mutual mistake, duress or improvidence, the stipulation is binding and should not be disturbed.
The motion was submitted upon affidavits by stipulation of counsel. Thereafter, at the court’s request, oral argument was heard on the motion.
A stipulation entered into by the parties or their counsel in open court and spread upon the record which is nothing more *560 than ‘ ‘ a mere arrangement between counsel made during the pendency of the case ’ ’ may properly be vacated on motion when both sides could be restored substantially to their former positions in court and when it would be inequitable to hold the parties to the terms of the stipulation. So long as the action is pending, the court has discretionary authority to relieve litigants from stipulations entered into by counsel, whether oral or in writing ‘ ‘ when such stipulations were either unadvisedly or inadvertently signed, or when the circumstances reveal that the stipulation should not be held, in order to promote justice and prevent wrong ”. (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435, 445.)
This well-settled rule has been applied to relieve the sovereign from a written stipulation of discontinuance entered into by the Attorney-General in a partition action in which the State had intervened, where it later transpired that the State had an interest in the land which was the subject of that action. (Foote v. Adams, 232 App. Div. 60, mod. 232 App. Div. 843.)
Under the broad discretionary power contained in subdivision 8 of section 9 of the Court of Claims Act, the court has inherent power to entertain the instant motion and grant the relief requested. The only question for determination is whether the exercise of such discretionary authority is warranted in this case.
The sovereign, like any other litigant, has power to stipulate away any right or interest it may have (Buda v. State of New York, 278 App. Div. 424, mot. for rearg. and opp. den. 106 N. Y. S. 2d 1015). Absent fraud, collusion, mutual mistake, or improvidence, no relief against a stipulation will be granted, and it may he properly enforced by motion. (Anders v. Anders, 6 A D 2d 440; Wilder v. Beach, 137 Misc. 883.)
The Attorney-General’s moving papers concede that a stipulation was entered into in open court which stipulation fixed the date of the termination of the temporary easement as October 25,1962.
The Attorney-General avers that the stipulation was entered into inadvertently, without knowledge of the correct date, and that the “ agreement — was made without contemplation of any intention of compromising a contested issue or the possibility of an earlier termination date. ” Nowhere in counsel’s moving papers is there any allegation of fraud, mutual mistake, collusion or undue influence.
Counsel’s further statement contained in his moving affidavit that he agreed to accept the termination date and to waive *561 further research of the matter to avoid delay in the prosecution of the claim, taken together with his statement that his agreement was without full reservation of any rights he might have to disavow the stipulation, if accepted, would make stipulations meaningless.
The Attorney-General in charge of this case was experienced and competent, as disclosed by his able conduct of the State’s defense. At no stage of the proceedings did he seek an adjournment on the ground that he required more time to prepare his case, and it must be presumed that he had fully marshalled his proof and could therefore stipulate as to any point with full knowledge of the effect of such a stipulation. As is apparent from the stenographic record of the circumstances surrounding the stipulation, attached to the Attorney-General’s moving papers, there was no attempt by claimant’s counsel or the court to deprive him of any opportunity to refuse to stipulate and to put claimant’s counsel to his proof.
Although there is language contained in Foote v. Adams (232 App. Div. 60, 63, supra) which would support the relief sought by counsel on the ground of unilateral mistake, the court in that case was careful to point out that to deny the motion to vacate the stipulation would deprive the sovereign of his day in court, which would be contrary to public policy, and that the court was not deciding the merits of the issue. This is clearly not the case here, as is evident from the record in the instant claim.
There is an independent ground which necessitates the denial of the instant motion. On oral argument claimant’s counsel submitted a supplemental affidavit in opposition attached to which was a photostatic copy of the official “ Notice of Filing of Certificate of Termination of Temporary Basement ” transmitted to claimant by the Department of Public Works over the signature of the Directors of the Bureau of Bights of Way and Claims. This notice is not only dated October 25, 1962 but states that on that date the certificate of termination was filed in the office of the Secretary of State pursuant to law, and that a copy of the certificate and notice were mailed to claimant as required by law. This document substantiates the stipulation and overcomes the Attorney-General ’ s argument that the contract acceptance previously alluded to fixes the termination date.
The claimant, by this notice, was informed of the relinquishment of defendant’s use and occupation of his property, just as he was given the constitutional protection of adequate notice *562 when the defendant appropriated his property for a public purpose. That protection may not be said to be less in the former case than in the latter. (See La Porte v. State of New York, 6 N Y 2d 1, opp. dsmd. 361 U. S. 116.)
While the court would be loath to compel the defendant to unjustly enrich a claimant because of an inadvertent error, the afore-mentioned notice leaves no doubt of the facts upon which the stipulation and the initial determination were based. To grant the motion would deprive claimant of compensation due him for the State’s use and occupancy of the easement, and the court may not do so by upsetting the instant stipulation.
The motion is denied in the exercise of the court’s discretion.