■ In the Matter of the Claim of LEAH KOEPPEL, Respondent, v. Novo KNITTING MILLS et al., Appellants, and SPECIAL FUND FOR REOPENED CASES,

Respondent. WORKMEN'S ·COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board discharging the Special Fund for Reopened ·Cases under section 25-a of the Workmen's Compensation Law from liability. Claimant sustained an industrial accident on October 22, 1958, resulting in a back injury which was found to be continuing and partially disabling. The last payment of compensation prior to reopening was March 1, 1960 and at the last hearing prior to reopening in 1962 the claimant was adjudged to have " a permanent partial disability " and the case was closed subject to being reopened on the basis of " change of condition or earnings or disability ". ·On August 14, 1967, the claimant applied to reopen the case. Clearly more than seven years from the date of the accident and more than three years from the last payment of compensation had elapsed but the board found that a report filed by Dr. Lopyan, the attending physician, filed April 1, 1965 and thus within the prescribed period, indicated a change in claimant's condition and therefore constituted an application to reopen within the statutory period. The sole question presented here is the propriety of this determination by the board. In *Matter of Vito* v. *Josall Roofing Co.* (29 A D 2d 798, 799) this court recently stated : " It is clear that medical reports may constitute an application to reopen even when no formal application is made by the claimant (e.g., *Matter of Norton* v. *New York State Dept. of Public Works,* 1 N Y 2d 844). However, this is so only where the report is notice to the board of a change in claimant's condition (e.g., *Matter of McKenna* v. *Elm Tremont Coal,* 9 A D 2d 458)." Dr. Lopyan's report of April, 1965, the only report filed between the closing of the case in 1962 and its reopening in 1967 (compare, *Matter of Vito* v. *Josall Roofing Co., supra*), clearly indicates that claimant, who was not under treatment when the case was closed in 1962, then required treatment in the nature of diathermy, a back support and analgesics for chronic recurrent low back pain and a painful left leg. Moreover, the claimant testified that she received the treatment and was furnished a back support for which she did not pay. The board could properly find on the instant record that the report was sufficient to put it on notice of a change in claimant's condition and thus treat it as an application to reopen (*Matter of Sacco* v. *Mele Mfg. Co.,* 27 A D 2d 966). Decision affirmed, with costs to the Special Fund for Reopened Cases. Herlihy, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Reynolds, J.