Fuchsberg, J.
We hold that under the peculiar circumstances of this case the failure to timely serve and file a notice of claim on the Village of Ellenville as required by former section 341-b of the Village Law was not a bar to the plaintiff’s recovery in this action brought to determine title to real property under article 15 of the Real Property Actions and Proceedings Law.
The dispute centers on the correct location of a boundary line separating contiguous parcels owned by the plaintiff and the village. It was plaintiff’s position that, since a time almost 10 years prior to the commencement of the action, the other defendants unlawfully occupied 15 acres of plaintiff’s land under purported leases from the village.
The action was commenced on October 26, 1967; the complaint contained no allegation of the service of a notice of claim. On June 9, 1969, all the parties entered into a written stipulation which stated the contentions of the parties; it did not in any way suggest any issue concerning compliance with *523 notice of claim requirements. After a trial without a jury in September and October, 1973, plaintiff was granted possession of the disputed land, its boundaries fixed and the plaintiff declared its owner; the issue of the determination of damages was reserved for trial at a later date.
On initial appeal, again neither party raised any question concerning the fact that plaintiff had not pleaded nor proved that it had served and filed a notice of claim. The Appellate Division, on its own initiative, nevertheless reversed the judgment and dismissed the complaint on that ground alone. It did not address or rule on any of the other issues in the case, including the substantive one of adverse possession raised by the village or the contention asserted by the plaintiff that that defense had been waived.
While we do not doubt the power of the Appellate Division to have treated with that issue sua sponte (see Vestal, Sua Sponte Consideration in Appellate Review, 27 Fordham L Rev 477; cf. Rivera v W & R. Serv. Sta., 34 AD2d 115, 117), we conclude that, in the context of this case, it should not have been dispositive of the appeal before it, and, therefore, we may not permit the order of reversal to stand.
Former section 341-b of the Village Law (subsequently reenacted in substantially the same form as CPLR 9802 by L 1972, ch 890), makes clear that any action against a village must be commenced within one year, except where based upon or arising out of a tort or contract.[1] Also, a "written verified claim” together with a written notice of intention to sue must be filed with the village clerk within six months after the cause of action shall have accrued. We have recently had occasion to reiterate that compliance with these provisions is a condition precedent to be pleaded and proved by the one bringing suit (Stage v Village of Oswego, 39 NY2d 1017, affg on mem thereat 48 AD2d 985), so that failure to present a claim within the applicable time period ordinarily "operates to bar any claim or action against the village for that particular cause of action” (8 Weinstein-Korn-Miller, NY Civ Prac, par 9802.02, p 98-7).
Such statutes are not indigenous to New York alone (see, *524 generally, 2 Antieau, Municipal Corporation Law, § 16.08; 17 McQuillan, Municipal Corporations, § 48.02). Whether regarded as permissible qualifications upon a legislatively created right or as reasonable conditions for the exercise of a common-law right, among their recognized purposes is the affording to local governments of the opportunity to fully investigate and, if regarded as appropriate, to settle claims without the expense and hazards of litigation (Teresta v City of New York, 304 NY 440, 443; Sweeney v City of New York, 225 NY 271, 273; Purdy v City of New York, 193 NY 521, 523). Another purpose is to lessen the possibility of "connivance of corrupt officials” (17 McQuillan, Municipal Corporations, § 48.02). Thus, though notice of claim provisions also benefit claimants by assuring earlier processing and consideration of their claims, they are enacted primarily for the benefit of the governmental agencies to which they apply and ordinarily may not be waived by their officials, most certainly not in advance of litigation.
But this is not such a case. There was here no waiver prior to the inception of the action. Moreover, though no notice had been filed and, consequently, there was no allegation to that effect in the complaint, the village never availed itself of the statutory practice devices by which we now interpose the equivalents of the ancient common-law pleas in bar or in abatement or enter a general demurrer (CPLR 3211; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.01). More than that, in the entire six years between the start of suit and the opening of trial, it in no way ever raised the matter of the notice at all, not at trial or on appeal. It did not even do so when the Trial Judge, most pointedly, had occasion to remark to counsel that "municipalities are not too bashful in setting up defenses * * * as to claims.” And it continued to fail to do so, in its briefing and on its oral argument, even when, having been unsuccessful at trial, it sought appellate reversal of the judgment against it.
This litigation has been vigorously contested by both sides throughout. Each was represented by diligent counsel. The trial itself consumed five days. The substance of the pretrial stipulation entered into between the attorneys in 1969, close to two years after suit had been started, evidences extensive adversarial activity in contemplation of an expectation that the case was going to be decided on the merits of the substantive issues. The stipulation was later marked in evidence and *525 was the subject of argument at trial; as indicated, it made no mention of any issue of notice.
It is significant that these events occurred in a litigation context. The exposure of the dispute between the parties to the formal and open processes of an on-going lawsuit, including, in this case, those of a full trial as well as an appellate review, provided a strong guarantee that the village’s tactic of not contesting the case on the question of notice, but instead directly on the basic underlying issues, was one adopted by its representatives in good faith.
The management of litigation calls upon counsel to exercise a highly judgmental function as they "chart their * * * procedural course through the courts” (Stevenson v News Syndicate Co., 302 NY 81, 87). For instance, although the longstanding nature of the alleged trespass on plaintiff’s property may not bring this case within the reach of those decisions in which notice of claim requirements are inapplicable because of the immediacy with which the granting of equitable relief would be warranted (Schenker v Village of Liberty, 261 App Div 54, affd 289 NY 788; Thomann v City of Rochester, 256 NY 165), the village’s counsel conceivably may have decided not to raise the notice question because he believed that it did. The point is that whether that decision ultimately turned out to be right or wrong would not be determinative of counsel’s right to hold, and act upon, that opinion. And it is no more so because we find it unnecessary to reach that particular question in the light of our conclusion that, under the circumstances in this case, the failure of the village to have raised the notice issue prior to final judgment, whether rationalized or not, precluded it from further relying on the fact that compliance with the notice requirements was neither pleaded nor proved.
The stipulation to which we have previously alluded makes that conclusion particularly compelling in this case. By its provisions the parties expressly defined the "issue herein” to be whether the title to the disputed lands was in the defendant or the appellant and then goes on to provide that "[i]n the event that the issue described * * * is resolved in favor of the defendants * * * [j]udgment herein shall be in favor of defendants against plaintiff.” In its opinion, the trial court, as it had a right to do, relied on it explicitly. Courts have long favored the fashioning of stipulations by opposing counsel as effective and enforceable means for expediting trials by permitting *526 them to focus on the controverted issues (see Matter of New York, Lackawanna & Western R. R. Co., 98 NY 447, 453). Such a procedural path may be employed not only by attorneys who represent private litigants but those who represent public ones as well (see Thrash v O’Donnell, 448 F2d 886, 889, n 7; Girdler v State of New York, 42 Misc 2d 558).
Of course, notwithstanding such considerations, if the waiver, though occurring in the course of litigation, were one tainted by collusion, fraud, overreaching or the like, of none of which is there any suggestion here, it might not be sustainable. Or, if, despite circumstances otherwise supporting a waiver in a litigation situation, it appeared that the underlying transaction to which the litigation was directed was illegal, the waiver might be disregarded.
Furthermore, though the failure to plead compliance with notice requirements is not a jurisdictional defect going to the competence of a court to adjudicate its consequences (cf. Lacks v Lacks, 41 NY2d 71; Nuerenberger v State of New York, 41 NY2d 111), it may be stated as a general proposition that public policy would be offended if a municipality purports, no matter how "inadvertently”, to waive a notice of claim requirement for an indisputably stale cause of action (cf. Camarella v East Irondequoit Cent. School Bd., 34 NY2d 139; Pugh v Board of Educ., 38 AD2d 619, affd 30 NY2d 968). However, the case before us, as the village in its brief itself agrees, involves a continuing trespass and, as the Appellate Division noted, plaintiff, in the face of dismissal on the narrow issue of notice alone, could, therefore, now file a notice of claim and thereafter bring a new cause of action.[2] Considerations of judicial economy interdict that course.
Finally, in view of its prior appellate history, we deem it best to remit this case for consideration of both the law and the facts by the Appellate Division, so that it may review the entire record on the merits (cf. Cohen and Karger, Powers of the New York Court of Appeals, § 143, p 575).
Accordingly, the order of the Appellate Division should be reversed, without costs, and the matter remitted to that court for further proceedings consistent with this opinion.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
*527 Order reversed, etc.

. Tort and contract actions must be commenced within one year and 90 days and one year and six months, respectively, after a claim accrues (CPLR 9801, 9802; see 8 Weinstein-Korn-Miller, NY Civ Prac, par 9801.02). Service and filing of a notice of claim (within one year in contract actions, 90 days in tort actions) is a prerequisite to suit in these cases also (ibid.).

. As we are advised on this appeal, plaintiff in fact has done just that.