■ In the Matter of the Claim of RICHARD DEARSTYNE, Appellant, v NEW YORK STATE DEPARTMENT OF PUBLIC WORKS, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed April 28, 1977, which modified a referee's decision and held that claimant's application for reopening was untimely. Claimant sustained two lower back injuries, one on July 17, 1956 and the other on October 17, 1956. Both cases were closed and the last payment of compensation on either case was made on December 4, 1958. He again injured his back on December 6, 1973. On March 1, 1974 the North River Insurance Co., the carrier on the 1973 risk, formally requested that the Workers' Compensation Board reopen the two cases closed in 1958 because of similarity of injuries with those sustained in the 1973 mishap and that all three cases be considered for apportionment purposes. A three-page report from Dr. Teresi, indicating claimant's disability was greater and related to the two 1956 accidents, was filed with the board on April 24, 1975. Because of the similarity of injuries, the board, by order of restoral dated July 3, 1975, reopened the two 1956 claims and restored them to a referee's calendar for consideration with the 1973 claim. The referee, in decisions dated October 15, 1976, apportioned awards among the three claims. The board, however, modified* the referee's decisions by determining that both 1956 claims were barred by the Statute of Limitations relating to awards against the Special Fund (Workers' Compensation Law, § 123). Thereafter, specifically on May 13, 1977, claimant's counsel requested the board to review its decision of April 28, 1977 since that decision did not seem to give relevancy to the letter of March 1, 1974 of the North River Insurance Company requesting reopening of the two 1956 claims, said request being within the limitation period of section 123. On August 15, 1977 the board replied that it "had considered all the evidence prior to making its factual determination and further action was not indicated by the board." In its brief, Special Fund contends the board has broad discretionary authority in considering applications for reopening and, accordingly, acted within its powers in holding that the application for reopening the two 1956 claims was time barred. There must be a reversal. A proper resolution of the issue of timeliness in this matter requires that it be considered in light of the applicable statute. Section 123 states as follows: "The power and jurisdiction

---

* No appeal was taken from that part of the board's decision which further modified the referee's decision by fixing the periods of full and reduced earnings as the result of the 1973 accident and, further, by apportioning the medical expenses among all three claims.

of the board over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just, except that, where the employer has secured the payment of compensation in accordance with the provisions of section fifty of this chapter, no claim for compensation or for death benefits that has been disallowed after a trial on the merits, or that has been otherwise disposed of without an award after the parties in interest have been given due notice of hearing or hearings and opportunity to be heard and for which no determination was made on the merits, shall be reopened after a lapse of seven years from the date of the accident or death. *Nor shall any award of compensation or death benefits be made against the special fund provided in section twenty-five-a of this chapter or against an employer or an insurance carrier where application therefor is made after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation.*" (Emphasis added.) While it is clear that section 123 grants broad, general and continuing discretionary authority to the board *(Matter of Janes v Meacham Pontiac Co.,* 3 AD2d 622), it is equally clear that this authority is expressly denied and no award may be made against the Special Fund when application therefor is made after a lapse of 18 years from the date of the injury and also a lapse of eight years from the date of the last payment of compensation. It necessarily follows that if an application is made within the time limits, the board, while retaining discretion to deny reopening, may not do so on the ground of timeliness. To hold otherwise would render meaningless the language of limitation contained within section 123. Therefore, since formal application for reopening of the two 1956 cases was timely made by the carrier on the 1973 risk, and, further, since the board had before it Dr. Teresi's report indicating a change in claimant's condition (see *Matter of Koeppel v Novo Knitting Mills,* 34 AD2d 1074, 1075), we are constrained to conclude that the board abused its discretion in modifying the referee's decision and refusing to reopen the 1956 claims on the ground of timeliness. However, since we cannot know if other grounds may exist that might cause the board in the exercise of its discretion to deny reopening, the matter must be remanded for further consideration. Decision reversed, with costs to claimant against the employer and its insurance carrier, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.