■ In the Matter of the Claim of LEONARD PRESSLER, Appellant, v I. MANER MANUFACTURING et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed January 6, 1977 and March 24, 1978. Claimant, an employee of a manufacturer of ladies garments, sustained an injury to his right shoulder and neck on May 15, 1972, and,.three days later, he injured his back and right leg. In a decision dated July 18, 1974, a referee made an award for the period January 1, 1974 to July 18, 1974 of $80 reduced earnings and prorated that sum equally to each accident. In response to the carrier's appeal, the board restored both cases to the referee's calendar for development of the record on the question of the degree of disability. Following extensive medical testimony, the referee modified the previous award and directed that payments for the period subsequent to January 1, 1974 be at a $45 reduced earnings rate. Claimant appealed to the board and, on June 3, 1976, a majority of the board panel affirmed the referee's decision, concluding that a $45 reduced earnings rate reasonably represented the degree of claimant's disability. On June 29, 1976, the referee, in response to the board's determination of June 3, 1976, closed both cases with a continuing award of $45 reduced earnings. After review by the board was denied, an appeal from the board's order of January 6, 1977 ensued. Thereafter, the board, on its own motion, reversed its position and granted review on the question of the degree of claimant's disability. After hearing oral argument, the board, on January 25, 1978, closed both cases on the prior classification and award. On January 28, 1978, claimant again requested reconsideration. After the board denied this request, a second appeal was filed. Both orders must be affirmed. It must be noted that claimant did not appeal from the board's substantive decisions of June 3, 1976 and January 25, 1978 as provided by section 23 of the Workers' Compensation Law. He appealed in each case from the board's order denying reconsideration. The reopening of a case lies within the discretion of the board and is not reviewable unless the denial thereof is arbitrary and capricious (Matter of Aiello v Rissel Constr. Corp., 37 AD2d 884; Matter of Miller v Victoria Bondholders Corp., 24 AD2d 1064, mot for lv to app den 17 NY2d 422). We perceive no basis justifying disturbance of the board's determination in either case. Decisions affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.