■ In the Matter of the Claim of Joseph Buffa, Respondent, v Morse-Diesel, Inc. — Diesel Construction Co. et al., Appellants. Workers' Compensation Board, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 26, 1980. Claimant sustained two back injuries. One injury occurred on February 21, 1969 and was diagnosed as "Herniated nucleus pulposus L5-S1, left". The other injury occurred on July 20, 1978 while claimant was working for the same employer and was diagnosed as "Herniated disc L4-5 & L5-S1 left". After an award was made, the 1969 accident case was closed on March 2, 1970. An award was made in the 1978 case on September 13, 1979. On March 24, 1980, the carrier, which insured claimant's employer at the time of both accidents, filed an application to reopen the 1969 case on the specific issue of apportionment of liability for the present disability between the two accidents. The board denied the application stating that the carrier had ample opportunity to request reopening and failed to do so in a reasonable time. This appeal ensued. This court will not disturb the board's denial of an application to reopen unless it was arbitrary and capricious or an abuse of discretion (*Matter of Pressler v Maner Mfg.,* 72 AD2d 629, mot for lv to app den 49 NY2d 1044). Pursuant to 12 NYCRR 300.14 (b), an application to reopen must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made. On the present record, the board could reasonably find that the carrier had knowledge of the necessary facts but failed to act within a reasonable time. Consequently, we conclude that the board's denial of the carrier's application to reopen was neither arbitrary and capricious nor an abuse of discretion. The carrier's reliance on *Matter of Dearstyne v New York State Dept. of Public Works* (70 AD2d 1006) is misplaced as we were concerned in that case with the board's denial of an application to reopen solely on the basis that the application was barred by the Statute of Limitations relating to awards against the Special Fund (Workers' Compensation Law, § 123). The decision of the board, therefore, must be affirmed. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.