OPINION OF THE COURT
Gerard M. Weisberg, J.
By an interlocutory judgment dated and entered on March *154 8, 1990, the State of New York was found to be 50% responsible for claimants’ injuries which resulted from a two-car accident in the Borough of Manhattan. (See, Grace v State of New York, NYLJ, Mar. 1, 1990, at 24, col 5.)[1] At the time of the collision, claimant John Grace was in a State-owned vehicle, being driven by a coemployee, on the way back to their office from a funeral they had attended during an extended lunch hour. The funeral was for the father of a supervisor in the office and they had the tacit approval of their employer to attend.
Defendant’s answer had originally asserted workers’ compensation as a defense. Pursuant to a stipulation "so ordered” on November 1, 1988, however, defendant agreed to withdraw that defense. Thereafter, both prior to and at the trial, the State moved to vacate the stipulation. It also sought to amend its answer to reassert the workers’ compensation defense. We denied both motions. Defendant now moves to reargue, renew, reconsider and set aside the interlocutory judgment on the theory that claimants’ sole remedy lies before the Workers’ Compensation Board and not this court.
As an initial matter, it is unclear whether defendant is moving pursuant to CPLR 2221 or 5015 (a). Since the result is the same under either provision, we will treat the application as having been made under both sections.[2]
As we stated in our opinion on the original motion to vacate the stipulation and again in the decision after trial, there are several reasons for our refusal to undo that agreement. First, because it resulted from a unilateral mistake on defendant’s part.[3] Second, and even more importantly, because claimant John Grace’s workers’ compensation case had been closed *155 after, and at least in partial reliance on, the stipulation. Thus, to vacate it now and dismiss the claim would leave the claimants without a forum in which to seek relief.
The gravamen of the instant application is that claimants still have the right to reopen John Grace’s workers’ compensation case, and therefore would not be prejudiced by the relief sought. In support of this proposition, defendant cites Workers’ Compensation Law §§ 223 and 363.13 (b) [sic] Defendant’s counsel also affirms that she spoke to some unnamed person at the Brooklyn office of the Workers’ Compensation Board who confirmed this interpretation of the law. We find this speculation to be unconvincing.
The cited sections of the Workers’ Compensation Law state only that the Board may review the decisions and orders of the Workers’ Compensation Judges. (See also, Workers’ Compensation Law § 123.) More to the point is section 300.14 of the rules of practice and procedure before the Workers’ Compensation Board (12 NYCRR 300.14) which provides in pertinent part:
"(a) Application may be made by any party in interest for rehearing or reopening of a claim. Such application must indicate that:
"(1) certain material evidence not available for presentation before the board at the time of hearing is now available; or
"(2) proof of a change in condition material to the issue is involved; or
"(3) it would be in the interest of justice.
"(b) Such application must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made. The board may in its discretion deny such application without a hearing thereon”.
Thus, while claimants could certainly petition the Board to reopen John Grace’s case, it would be within its discretion to deny the application, particularly in light of the almost four years which have elapsed since the date of the accident. (See, Matter of Monteleone v New York State Attica Correctional Facility, 141 AD2d 938.) Moreover, the hearsay speculation of some unnamed individual in the workers’ compensation office as to what the Board might do is obviously of no moment. Defendant has offered no new evidence: only a rehash of a file it neglected to review long ago and speculation of what might happen in the future (see, Matter of Rusyniak v Syracuse *156 Flying School, 37 NY2d 384; Matter of Sammaritano v Attractive Fashions, 96 AD2d 627, lv denied 60 NY2d 558; Matter of Buffa v Morse-Diesel — Diesel Constr. Co., 87 AD2d 929). We have no intention of undoing a lengthy trial, with the concomitant expense such entails, on the possibility that claimants might be able to reopen the case.
While this may be harsh, assuming it was appropriately a workers’ compensation case,[4] as was stated in Matter of Sass v AMR Electro Conduits (111 AD2d 1061, 1063) the result "is essentially self-imposed”. First, because defendant should have reviewed the appropriate files, which were available, before entering into the stipulation. Second, because it could have appealed our initial refusal to vacate, thereby staying the trial. (See, CPLR 5519.) Finally, because defendant could have made its own application to the Board to reopen the case. (See, 12 NYCRR 300.15.) It is inappropriate to circumscribe other people’s rights premised on conjecture. If something is doable, then do it. (See, In re Parr, 17 Bankr 801.) If the case was reopenable, then defendant should have reopened it before making this application. (Cf., O’Rourke v Long, 41 NY2d 219.)
For the foregoing reasons, the motion is denied.

. The office of the Attorney-General of the State of New York was held to be an improper defendant before this court and the claim against it was therefore dismissed. The instant motion was made on behalf of the State and we limit our discussion to that defendant.

. Claimants raise the issue that the motion to reargue is untimely because they served defendant with a copy of the interlocutory judgment with notice of entry on February 22, 1990 which was more than 30 days prior to the service of this application. Inasmuch as the judgment was not entered until March 8, 1990, that is impossible. We therefore find the motion to be timely.

. Defendant cites Foote v Adams (232 App Div 60) for the proposition that a unilateral mistake is sufficient to relieve a party from the effect of a stipulation. Assuming this case is still good law (cf., Hallock v State of New York, 64 NY2d 224), it is inapposite inasmuch as the parties there could be restored to the status quo ante.

. It should be noted that since defendant withdrew the defense of workers’ compensation, that issue was not before us at trial. Be that as it may, defendant quotes the following from an article by Robert R. Barker, Associate Dean of Albany Law School, which appeared in the New York Law Journal on April 23, 1990 (at 40, col 7): "In the end, as is pointed out by the State, if claimant proves his case in the Court of Claims he will also have proved a case for workers’ compensation, since it is only if the party coming from the funeral was acting within the scope of employment that the employer would be liable in either forum.” However, inasmuch as this was a vehicle accident case, liability could obtain without any of the participants having been acting within the scope of their employment. All that was necessary is, as we found, that the driver had the State’s implied consent to use its vehicle.