Ostrau, P. J.
(dissenting). I would modify the orders appealed from to the extent of remanding this proceeding to the Civil Court for a hearing to determine whether DHPD should be relieved from its obligations under the stipulation^) upon appropriate terms. It appears that at the time the original stipulation was executed in August 1989, the agency did not fully appreciate the extent and prohibitive cost of the total rehabilitation which must now be undertaken to render the premises safe and habitable. Because of the substantial sums which must be expended to secure the buildings’ foundations, DHPD estimates that its ultimate cost per unit will approach *224 $70,000, whereas the average cost for renovating apartments in its construction program is approximately $33,000 per unit.
While stipulations of settlement between private contracting parties are not generally cast aside in the absence of a compelling reason such as fraud or mistake (1420 Concourse Corp. v Cruz, 135 AD2d 371), a court’s discretion should be not that closely confined where the municipality has improvidently entered into an agreement which is subsequently demonstrated to be inequitable and economically unfeasible (Foote v Adams, 232 App Div 60; Matter of Frutiger, 29 NY2d 143, 150). The public interest will not be served by requiring DHPD to invest a disproportionate percentage of its limited construction budget in buildings which may be structurally unsound, to the detriment of other, more deserving and cost-effective projects which would benefit a greater number of tenants. Since the agency has at least raised a factual question as to whether these buildings can be realistically rehabilitated at this juncture, at a cost which is not profligate, there should be a hearing to ascertain whether relief from the stipulation is warranted. At the time, DHPD should present in detail its plans for relocation assistance to the tenants in possession.
I agree with the majority that this is not a proper case for the' imposition of criminal contempt.
Riccobono and Parness, JJ., concur; Ostrau, P. J., dissents in a separate memorandum.