■ In the Matter of the Claim of DEBRA BAUM, Respondent, v HYLAN GROUP INC. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [979 NYS2d 879]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed July 22, 2011, which denied the application of the employer and its workers' compensation carrier to reopen the claim.

Claimant's husband (hereinafter decedent) was murdered at work, and the ensuing claim for workers' compensation death benefits was established in 2004. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) requested that the case be reopened in 2010, pointing to evidence that decedent's murder was unconnected with his employment. The Workers' Compensation Board denied the application, and the employer now appeals.

We reject the employer's assertion that the Board abused its discretion in refusing to reopen the claim and, accordingly, affirm. An application to reopen "must be made within a reasonable time after the applicant has had knowledge of the facts constituting the grounds upon which such application is made" and, further, "must be substantiated by supporting affidavits" where allegations of newly discovered evidence are made (12 NYCRR 300.14 [b]). The employer's application was expressly "based upon newly obtained evidence" and, thus, both require-

ments apply. While the employer allegedly did not ascertain the facts surrounding decedent's death until several months before its 2010 application for reopening, it cited a 2005 press release in support of its assertions.* No affidavit was provided to explain the delay in bringing this information to the Board's attention and, thus, the employer's application was properly denied (*see Matter of Barone v Interstate Maintenance Corp.*, 73 AD3d 1302, 1303 [2010]; *Matter of Buffa v Morse-Diesel—Diesel Constr. Co.*, 87 AD2d 929, 929 [1982]).

Peters, P.J., Garry and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* The United States Attorney's Office for the Eastern District of New York issued that press release, stating therein that decedent was executed by gang members who feared that "he was seeking to avenge his brother's murder."