Matter of Torraco v National Accessories Stores (2019 NY Slip Op 04516)





Matter of Torraco v National Accessories Stores


2019 NY Slip Op 04516


Decided on June 6, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 6, 2019

526369

[*1]PHILIP TORRACO, Claimant,
v
NATIONAL ACCESSORIES STORES, Respondent, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 25, 2019

Before: Lynch, J.P., Clark, Devine, Aarons and Pritzker, JJ.


Steven M. Licht, Special Funds Conservation Committee, New York City (Jill B. Singer of counsel), for appellant.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Clark, J.
Appeal from a decision of the Workers' Compensation Board, filed October 24, 2017, which ruled, among other things, that the application of the Special Fund for Reopened Cases for review of certain prior Board decisions was untimely.
In 1957, claimant suffered a work-related injury and established a claim for workers' compensation benefits. In 1965, liability for the claim was transferred to the Special Fund for Reopened Cases, and the claim was closed in 1968. After claimant suffered another work-related injury in 1977, the 1957 claim was reopened for, among other things, consideration of apportionment. In March 1980, a Workers' Compensation Law Judge (hereinafter WCLJ) concluded that compensation under the 1957 claim was barred pursuant to Workers' Compensation Law § 123. However, in a July 1980 decision granting claimant awards on his 1977 claim, a WCLJ apportioned 20% of those awards to the 1957 claim. Upon the applications of the Special Fund and claimant, the Workers' Compensation Board reopened both the 1957 and 1977 claims for reconsideration and clarification of awards. However, in a January 1981 decision, a WCLJ once more granted claimant awards on his 1977 claim and apportioned 20% of the awards to the 1957 claim. The Special Fund appealed and, in 1982, the Board rescinded the awards against the 1957 claim on the basis that such awards were barred by Workers' Compensation Law § 123.
Notwithstanding the Board's 1982 determination, the Special Fund was thereafter directed in various decisions rendered between 1986 and 2001 to pay — as the carrier for the 1957 claim — 20% of the awards made to claimant. In 2017, the Special Fund requested further action, seeking a suspension of awards against the 1957 claim and rescission of prior awards against the 1957 claim on the ground that the Board lacked jurisdiction to award benefits on the 1957 claim under Workers' Compensation Law § 123. A WCLJ denied the request. Upon administrative review, the Board modified the WCLJ's determination, finding that the Special Fund is not required to pay further indemnity payments against the 1957 claim, but that the request to reopen the prior decisions was untimely and that rescinding the prior awards would not be in the interest of justice. The Special Fund now appeals, arguing that the Board abused its discretion in refusing to consider its jurisdictional challenge to the awards made between 1986 and 2001.
Pursuant to Workers' Compensation Law § 123, "[t]he power and jurisdiction of the [B]oard over each case shall be continuing, and it may, from time to time, make such modification or change with respect to former findings, awards, decisions or orders relating thereto, as in its opinion may be just." However, under that same statutory provision, the Board is expressly prohibited from awarding benefits against the Special Fund "after a lapse of eighteen years from the date of the injury or death and also a lapse of eight years from the date of the last payment of compensation" (Matter of Zechmann v Canisteo Volunteer Fire Dept., 85 NY2d 747, 751 [1995]; see Workers' Compensation Law § 123; Matter of Riley v P & V Sadowski Constr., 104 AD3d 1039, 1039 [2013]). Such statutory prohibition is jurisdictional in nature (see Workers' Compensation Law § 123; Matter of Hampton v Neptune Meter Co., 223 AD2d 756, 757 [1996]; Matter of Dearstyne v New York State Dept. of Pub. Works, 70 AD2d 1006, 1007 [1979]). As the absence of jurisdiction to render a determination may be raised at any time (see Matter of Doey v Howland Co., 224 NY 30, 38 [1918]; Matter of VanAusdle v New York City Police Dept., 112 AD3d 1167, 1167-1168 [2013]), the Board abused its discretion in refusing on timeliness grounds to consider the Special Fund's application to reopen the prior decisions (cf. Matter of VanAusdle v New York City Police Dept., 112 AD3d at 1168; Matter of Minogue v International Bus. Machs. Corp., 214 AD2d 820, 821-822 [1995]). Accordingly, we remit the matter so that the Board can address the merits of that portion of the Special Fund's application.
Lynch, J.P., Devine, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as ruled that the part of the application of the Special Fund for Reopened Cases seeking to reopen certain Workers' Compensation Board decisions was untimely; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.