■ In the Matter of JEANNE R. JORGESON, Respondent, v ACME ELECTRIC CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed August 2, 1974. On or about August 3, 1971, claimant filed a claim alleging that she had contracted toxic hepatitis as the result of her exposure to toxic fumes in the course of her employment. The claim was controverted and heard before Referee Springer who disallowed the claim on the ground that no injury arose out of and in the course of employment. On appeal, the board rescinded that decision and restored the case to the Referee Calendar so that the record might be further developed by medical testimony. Thereafter the case appeared before Referee Weinreb and testimony was taken from the safety director of the employer and two doctors. Appellants participated in the examination of the witnesses. The case next appeared on the calendar of Referee Oughterson in Buffalo, where additional testimony was taken. Appellants again participated in the hearing. A few days after the Buffalo hearing appellants wrote the Workmen's Compensation Board requesting that the case be referred to Referee Springer for decision, pursuant to section 20 of the Workmen's Compensation Law. When the case again appeared on the calendar of Referee Weinreb, appellants renewed their request to have the case returned to Referee Springer. This was denied by Referee Weinreb and he thereafter decided the case in favor of claimant. The board affirmed and this appeal ensued. Appellants contend on this appeal that Referee Weinreb's rendering a decision was improper under the circumstances, as it was in violation of section 20 of the Workmen's Compensation Law, which provides in pertinent part: "Whenever a hearing or proceeding for the determination of a claim for compensation is begun before a referee, pursuant to the provisions of this chapter, such hearing or proceeding or any adjourned hearing thereon shall continue before the same referee until a final determination awarding or denying compensation, except in the absence, inability or disqualification to act of such referee, or for other good cause, in which event such hearing or proceeding may be continued before another referee by order of the chairman or board." It is significant that in the instant case the final determination of the initial referee was rescinded by the board. We do not deem it necessary, however, to pass on the applicability of this statute since an examination of this record compels us to conclude that appellants waived any objection to transferral of the case to a different referee. The record reveals that on two occasions appellants acquiesced and participated in hearings before other referees without objection. Such conduct constituted a waiver. (Matter of Woodward v St. Joseph Lead Co., 33 AD2d 850.) The decision, therefore, is affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.