■ In the Matter of the Claim of JAMES W. ELSEY, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed February 2, 1983, as amended by decision filed June 14, 1983, which denied claimant's application to reopen his case. ¶ Claimant suffered a back injury which kept him out of work from January 16, 1976 to May 8, 1978. He received workers' compensation for the period from January 16, 1976 to February 17, 1976. Claimant's physician certified that he was physically able to return to work on February 18, 1976, so long as he abstained from heavy lifting and

stooping. However, claimant refused to return to his job and so was ultimately discharged by his employer. Claimant responded by filing a grievance under the applicable union contract and, in the arbitration proceeding which followed, was awarded full back pay from the employer for the period from February 7, 1976 to May 8, 1978. From the latter date, claimant was again employed, without reduced earnings. ¶ Claimant made a subsequent claim for workers' compensation benefits. The board found that claimant had suffered a permanent, partial disability. However, it denied him benefits on the ground that he had not suffered reduced earnings for the period in question due to the grievance award of back pay from his employer. No appeal was taken from that determination. Claimant subsequently filed an application to reopen the determination so that he could be awarded workers' compensation benefits for the period from February 17, 1976 to July 20, 1976 in lieu of the back pay award for that period. Claimant sought this result, *inter alia,* because payments of workers' compensation benefits are not subject to income tax, while the award of back pay from his employer was. The board refused to reconsider its previous determination, denying benefits for the period in question. This appeal by claimant ensued. ¶ The sole issue to be determined here is whether the board properly refused to reopen claimant's case. Such a determination by the board may not be disturbed unless it was arbitrary and capricious or an abuse of discretion (*Matter of Pressler v Maner Mfg.,* 72 AD2d 629, mot for lv to app den 49 NY2d 709, 1044). Further supportive of the decision not to reopen is the absence of any showing that there are additional facts or new information which were previously unavailable for the board's consideration (see *Matter of Gibbons v Zara Constr. Co.,* 77 AD2d 675, 676, app dsmd 52 NY2d 784, mot for lv to app den 52 NY2d 705). In support of the instant application, claimant proffered only a medical report, dated May 7, 1976, stating that he was physically disabled during approximately six weeks of the five-month period for which he claims benefits. Clearly, this report does not constitute additional information justifying a reopening of the case, since it was available long before the board's original decision was rendered. Accordingly, the board's refusal to reopen was not arbitrary and capricious, and it should be affirmed. ¶ Decision affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.