■ In the Matter of the Claim of HERBERT C. JASMINE, Appellant, v RAINBOW GRILL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Weiss, J. Appeal from a decision of the Workers' Compensation Board, filed December 9, 1983.

In February 1976, claimant sustained an injury to his right hand while employed as a bartender. The injury was deemed compensable and surgery was twice performed with limited success. In October 1978, the Workers' Compensation Board found that claimant sustained a 50% disability with 50% earning capacity and rendered an award of $70.60 per week, reduced earnings. Claimant's partial disability was confirmed in several follow-up examinations and rehabilitative treatments were pursued. During this period, claimant began to develop emotional problems which a psychiatrist diagnosed as a traumatic depression-anxiety reaction related to the hand injury and concluded that "the prognosis [was] guarded".

Payment for psychiatric treatments continued until April 1982, when the employer withheld authorization for further treatments pending an examination of claimant by a specialist designated pursuant to Workers' Compensation Law § 13-a (4).

The employer appointed Dr. Peter Aldin to conduct the psychiatric evaluation, but the interview never took place. According to Aldin, claimant arrived two hours late for the first appointment and then canceled the next three scheduled appointments without proper notice. Claimant disputed these contentions and challenged Aldin's motives. This impasse prompted the employer to notify claimant that all payments would be suspended pending a proper examination. After a July 19, 1982 hearing, the employer was directed to designate another psychiatrist and to continue payments, while claimant was cautioned to cooperate. Upon review, the Board reversed the directive requiring the employer to designate a new psychiatrist; found that claimant failed to keep his appointments with Aldin; suspended all payments, including that for claimant's hand disability, effective July 20, 1982, until claimant consulted with Aldin; and closed the case. Claimant's requests to the Board to reconsider and reopen the case were denied, and this appeal ensued.

As a threshold matter, we reject the employer's contention that the Board's determination was nonfinal and thus not appealable. Since all payments to claimant have been suspended, his case closed and requests for reconsideration denied, the decision of the Board is final and clearly ripe for review (see, Matter of Bock v Burns, Van Kirk, Greene & Kafer, 81 AD2d 684).

Turning to the merits, claimant asserts that while the Board may properly have suspended payments for psychiatric treatments, it erred in discontinuing payments for his hand injury. We agree. The instant controversy emanates from claimant's failure to consult with Aldin for purposes of assessing his psychiatric condition. While there were divergent views presented as to what transpired between these two, the Board was clearly authorized to credit Aldin's version. Consequently, claimant's attempt to frustrate the employer's right to engage an independent consultant pursuant to Workers' Compensation Law § 13-a (4) certainly warranted a suspension of any payments for continued psychiatric counseling. However, claimant's partial disability of his right hand is no longer controverted. We cannot agree that claimant's refusal to be evaluated by Aldin warrants an across-the-board denial of benefits. There is support in the record for claimant's assertion that he has experienced both a hand injury and a causally related emotional problem. Since only one of these two separate, distinct injuries is in question, payments for the unchallenged injury should have been continued (see, Minkow-

itz, Practice Commentary, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23 [1984-1985 Supp], p 133).

Claimant further maintains that the Board abused its discretion by directing his evaluation by Aldin and by refusing to reopen the case. We disagree. The employer was statutorily entitled to have claimant interviewed by a specialist of its choice (Workers' Compensation Law § 13-a [4]). While claimant insists that his relationship with Aldin has so deteriorated as to preclude a viable consultation, this assessment was for the Board to make. The decision to reopen a prior determination rests within the sound discretion of the Board, which, unless abused, will not be disturbed on appeal (Workers' Compensation Law § 123; *see, Matter of Elsey v New York Tel. Co.,* 100 AD2d 654, 655). Since claimant has yet to be examined by Aldin or otherwise submit new evidence as to his psychiatric condition, we cannot say that the Board abused its discretion in refusing to reopen the case.

Finally, we cannot agree that claimant is entitled to a 20% penalty pursuant to Workers' Compensation Law § 25 (3) (c). That section is designed to afford a remedy to a claimant where the employer fails to commence payment within 10 days after entry of an award *(see, Matter of White v New York City Hous. Auth.,* 83 AD2d 707). The instant scenario is distinguishable. Here, the employer first suspended payments upon application to the Board for review of the hearing officer's decision. An employer may withhold payments while seeking review by the Board, although it should do so only to the extent of the issues in controversy (Workers' Compensation Law § 25 [3] [c]; *see,* Minkowitz, Practice Commentary, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23 [1984-1985 Supp], pp 132-133). While we have determined that the employer was not authorized to suspend all payments, the penalty provision contained in section 25 was not activated, particularly since the employer continued this suspension of benefits in good-faith reliance on the Board's determination. These circumstances prevailing, no penalty is authorized.

Decision modified, without costs, by striking so much thereof as directed the suspension of all payments to claimant and by substituting therefor a provision that claimant continue receiving disability payments related to his hand injury, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.