■ In the Matter of the Claim of ELEANOR McGEEVER, Appellant, v STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Kane, J. P. Appeal from a decision of the Workers' Compensation Board, filed July 21, 1986, as amended by decision filed March 10, 1987, which ruled that claimant had entered into a valid remarriage and therefore was not entitled to a continuation of benefits.

On December 18, 1975, claimant was awarded workers' compensation death benefits as the widow of Donald W. McGeever, who died in the course of his employment on September 29, 1975. On June 9, 1979, claimant married Donald McGovern and her death benefits ceased upon such remarriage pursuant to Workers' Compensation Law § 16. Unfortunately, this marriage was both unhappy and brief, terminating in the suicide of McGovern on December 20, 1979. Following his death, claimant sought the renewal of her original death benefits stemming from the death of McGeever, alleging the invalidity of her subsequent marriage to McGovern. Although claimant never commenced any formal action for annulment against McGovern prior to his death, the basis for her claim of invalidity was, essentially, fraudulent conduct on the part of McGovern which induced her to enter into marriage with him. She contends that prior to the marriage, he

maintained a close loving relationship with her and her children, and stated that he earned $350 to $400 per week, which would enable him to support claimant and her family, permitting claimant to leave her place of employment. However, after the wedding, McGovern provided no financial support, ignored claimant's children, consumed alcoholic beverages heavily on a regular basis and, unknown to claimant, proved to be impotent, prohibiting sexual consummation of the marriage.

Ultimately, on April 8, 1983, a hearing was held on the issues raised, which included medical testimony from McGovern's physician. The hearing was followed by a decision dated March 7, 1984 and corrected on May 31, 1984 which found, for compensation purposes only, that claimant's marriage to McGovern was invalid and directed the payment of benefits to claimant as the widow of McGeever. An application for review was filed almost three months later on June 5, 1984, which, over claimant's objection, was accepted by the Workers' Compensation Board and resulted in a reversal of the first decision.

In our view, the Board was authorized to make the requisite legal determination as to the validity of claimant's remarriage to McGovern. Moreover, we agree with its resolution of the factual issue presented, i.e., that claimant's marriage to McGovern was a valid and subsisting remarriage (see, *Matter of Mott v Duncan Petroleum Trans.*, 51 NY2d 289). It is provided by statute that the allegations set forth by claimant and the proof in the record of fraud and impotency are factors which render a marriage voidable, not void (Domestic Relations Law § 7 [3], [4]). "Voidable marriages are invalid only from the time their invalidity is declared by a court of competent jurisdiction, and if no action for an annulment is brought, the marriage remains good for all purposes" (1 Foster and Freed, Law and the Family § 19:1, at 916 [2d ed]; *see,* Domestic Relations Law § 7). Although, as a voidable marriage, the subsequent annulment of claimant's remarriage would have reinstated her prior widow's death benefits as of the effective date of the annulment decree, here there was no annulment and the remarriage remained valid (see, *Matter of Nakoneczna v I & L Eisenberg,* 60 AD2d 403, 406). Thus, the factual setting is unlike that presented in *Matter of Renzo v Reid Ice Cream Corp.* (279 NY 83), relied upon by claimant, where the subsequent marriage was not merely voidable, but void *ab initio.*

Finally, the Board was authorized to accept the application for review beyond the time limited by Workers' Compensation

Law § 23, in accordance with its discretionary powers provided by Workers' Compensation Law § 123 *(see,* 12 NYCRR 300.14 [a]; *Matter of Jasmine v Rainbow Grill,* 115 AD2d 862, 864).

Decision affirmed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.