■ In the Matter of the Claim of BENJAMIN MEYERS, Appellant, v TEACHERS COLLEGE, COLUMBIA UNIVERSITY, et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [604 NYS2d 995] —Weiss, P. J. Appeal from a decision of the Workers' Compensation Board, filed February 24, 1992, which ruled that claimant did not sustain a causally related disability and denied his claim for workers' compensation benefits.

Claimant, a 38-year-old campus security guard, testified that harassment from his supervisor and a co-worker over his 7½-year employment ultimately caused him to sustain psychiatric problems. He was terminated on August 31, 1990 for continued absence without medical documentation to substantiate his illness. The State Mediation Board denied a grievance filed on claimant's behalf, in which his labor union contended that the absence was due to work-related stress, and found that just cause was established for the termination. A Workers' Compensation Law Judge disallowed the claim for benefits because the injury described as work related was excluded under Workers' Compensation Law § 2 (7). The Workers' Compensation Board affirmed, concluding that: "the incidents at work which claimant alleges resulted in mental stress leading to psychiatric disability, arose as the direct consequences of lawful personnel decisions involving disciplinary actions, work evaluations and termination related to absenteeism, tardiness and undocumented absence in August, 1990. Hence, pursuant to [Workers' Compensation Law] Section 2 (7), claimant did not sustain an accidental injury within the meaning of the Law."

The record shows that the Board relied upon the decision of the Mediation Board, in which the grievance was dismissed upon proof that the discharge was for just and sufficient cause.

Claimant had twice been suspended for excessive lateness and was absent from August 1, 1990 until August 30, 1990 without substantiation of medical disability. In the compensation case, both of claimant's psychiatrists reported that he was disabled, but neither found a causal relationship to his work; nor did the employer's consultant causally relate the work to claimant's condition.

The record contains substantial evidence to support the Board's determination. Whether the actions by the supervisor constituted lawful personnel decisions involving discipline, work evaluation or termination taken in good faith were factual issues for resolution by the Board *(see, Matter of Kaliski v Fairchild Republic Co.,* 151 AD2d 867, *affd* 76 NY2d 1002). We find that the evidence in this case supports the determination, and because our review is limited to whether substantial evidence to support the determination may be found in the record *(see, Matter of Brown v Alos Micrographics Corp.,* 150 AD2d 888), we affirm.

Mercure, Crew III and White, JJ., concur. Ordered that the decision is affirmed, without costs.