■ In the Matter of the Claim of MARTHA MILES, Appellant, v STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [698 NYS2d 561] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed January 29, 1998, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

Claimant sought workers' compensation benefits for work-related stress stemming from her demotion and corresponding reassignment of duties at her place of employment. In denying this claim, the Workers' Compensation Board found that claimant's demotion was lawful and, while the employer handled the demotion poorly, its actions did not rise to the level of bad faith (*see*, Workers' Compensation Law § 2 [7]). This appeal by claimant ensued.

We affirm. Claimant, who during the relevant time period had the permanent contingent position of secretary, concedes that she could be "bumped back by the incumbent" to her former position as a keyboard specialist under the circumstances present here. Claimant contends, however, that in contrast to the treatment accorded other similarly affected employees, the

employer engaged in a pattern of harassment and humiliation and, prior to the reassignment, conspired with a co-worker to remove her from the secretarial position. Thus, claimant asserts, her claim for work-related stress stems not from a lawful personnel decision but, rather, from the employer's conduct and participation in the underlying conspiracy.

Whether the employer's actions constituted a lawful personnel decision undertaken in good faith is a factual issue to be resolved by the Board (*see, Matter of Meyers v Teachers Coll., Columbia Univ.*, 199 AD2d 623, 624). In finding that the employer's poor handling of this situation did not rise to the level of bad faith, the Board necessarily rejected claimant's allegations that the employer harassed, humiliated and conspired against her. As the record contains substantial evidence to support the Board's findings, its decision must be affirmed. We have examined claimant's remaining contentions and find them to be lacking in merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Mugglin, JJ. Ordered that the decision is affirmed, without costs.