■ In the Matter of the Claim of ROBIN CHAOUSY, Appellant, v MARINE MIDLAND BANK, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [702 NYS2d 703] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed May 29, 1998, which ruled that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits.

In March 1996, claimant filed a claim for workers' compensation benefits based upon work-related stress, anxiety and

depression. Specifically, claimant, whose employment as a grade C business development officer required him to bring in commercial loans, contended that the goal established for him was unrealistic and was part of a scheme to force him to quit. The Workers' Compensation Board concluded, pursuant to Workers' Compensation Law § 2 (7), that claimant had not sustained a compensable injury and denied his claim for benefits. Claimant now appeals.

We affirm. Initially, inasmuch as the Board has the discretionary power to consider an application for review beyond the 30-day time limit imposed by Workers' Compensation Law § 23 (*see, Matter of McGeever v State Ins. Fund,* 133 AD2d 897, *lv denied* 70 NY2d 616), we reject claimant's contention that the Board erred in failing to dismiss the employer's appeal as untimely. Turning to the merits, Workers' Compensation Law § 2 (7) provides, in relevant part, that the term "injury" does not include an injury that is solely mental and is based upon work-related stress if such injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion or termination taken in good faith by the employer. Whether the actions of claimant's supervisor constituted lawful personnel decisions taken in good faith were factual issues to be resolved by the Board and, if supported by substantial evidence, its decision will not be disturbed (*see, Matter of Miles v State Ins. Fund,* 267 AD2d 511, 512; *Matter of Meyers v Teachers Coll., Columbia Univ.,* 199 AD2d 623, 624).

Here, claimant's supervisor testified that as a result of claimant's lack of an accounting background, she initially viewed the standard goal for grade C business development officers as unrealistic for claimant and, therefore, set a significantly lower goal for claimant for 1995 in order to provide him with a period to adjust and/or complete additional course work. In September 1995, after realizing that she did not have the discretion to depart from the standard goals set by the employer, the supervisor advised claimant that beginning in 1996, he would be expected to meet the standard goal for grade C business development officers. Under such circumstances, we find that there is substantial evidence to support the Board's decision that claimant did not sustain a compensable injury.

Cardona, P. J., Mercure, Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.