■ In the Matter of the Claim of MICHELLE SPENCER, Appellant, v TIME WARNER CABLE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [717 NYS2d 711] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed June 3, 1999, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

---

* Petitioner was also charged with, and found not guilty of, disobeying a direct order.

Claimant, who initially worked for the employer as a customer service representative and subsequently transferred to the sales department, experienced a panic attack while attending a staff meeting in January 1994. In the months that followed, claimant continued to experience panic attacks, prompting her to take a leave of absence and, ultimately, cease working entirely in April 1994. Claimant thereafter filed an application for workers' compensation benefits alleging that she suffered from posttraumatic stress disorder and depression due to the stressful nature of her job, which entailed answering a high volume of customer telephone calls. The Workers' Compensation Board denied the claim, finding that claimant's work-related stress was the direct result of a lawful personnel decision and, hence, was barred by Workers' Compensation Law § 2 (7). The Board further found that claimant was not exposed to stress any greater than that encountered by her coworkers. This appeal by claimant ensued.

We affirm. Pursuant to Workers' Compensation Law § 2 (7), a psychic injury based upon work-related stress is not compensable if it is "a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (*see, Matter of Grace v Bronx Mun. Hosp. Ctr.*, 272 AD2d 799, 800). The case law makes clear that "direct consequence" means that the personnel decision at issue was aimed at or targeted the claimant (*see, Matter of DePaoli v Great A & P Tea Co.*, 94 NY2d 377, 380). Here, the Board found that the stress experienced by claimant was the direct consequence of lawful personnel decisions namely, claimant's transfer to the sales department and subsequent evaluations of her work. As the record as a whole contains substantial evidence to support the Board's findings in this regard, its decision will not be disturbed.

Moreover, it is well settled that a claim for work-related stress cannot be sustained absent a showing that the stress experienced by the affected claimant was greater than that which other similarly situated workers experienced in the normal work environment (*see, Matter of Grace v Bronx Mun. Hosp. Ctr., supra*, at 800; *Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635). As the record here reveals that the pressures associated with handling customer complaints and meeting sales quotas were no greater for claimant than for other customer service representatives working in similar capacities, we can discern no basis for disturbing the Board's decision.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.