■ In the Matter of the Claim of LORI B. MATTOON, Appellant, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [727 NYS2d 702] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed January 26, 1999, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

Claimant left her employment as an agency services representative with the Department of Labor in December 1993 due to work-related stress that resulted in depression, posttraumatic stress disorder and generalized anxiety disorder. Her claim for workers' compensation benefits was denied, however, based upon the finding of the Workers' Compensation Board that claimant's "inability to deal with the work in her position was a direct consequence of lawful personnel decisions which were taken in good faith by the employer" (*see*, Workers' Compensation Law § 2 [7]). Claimant appeals, contending that the Board's determination that she did not suffer a compensable psychic injury is not supported by substantial evidence.

We affirm. It is well established that pursuant to Workers' Compensation Law § 2 (7), a psychic injury based upon work-related stress is not compensable if it is "a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (*see, Matter of DePaoli v Great A & P Tea Co.*, 94 NY2d 377, 380; *Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623, *lv denied* 96 NY2d 706). It is also undisputed that, in the present case, the event ultimately triggering claimant's psychic injury was a new manager's reassignment of claimant to a particularly stressful work position. It is claimant's contention, however, that the action was not taken in good faith because "[t]he manager knew or should have known that her decision to return [claimant] to the UI claims position had potential to create further injury to [claimant]" and also that the triggering change of work duties did not constitute a "job transfer" within the purview of Workers' Compensation Law § 2 (7). We disagree.

"Whether the employer's actions constituted a lawful personnel decision undertaken in good faith is a factual issue to be resolved by the Board [citation omitted]" (*Matter of Miles v State Ins. Fund*, 267 AD2d 511, 512; *see, Matter of Meyers v Teachers Coll.*, 199 AD2d 623, 624). Here, the record supports the Board's conclusion that "no evidence [was] submitted that the actions taken by the employer were taken in bad faith," and claimant herself acknowledges that the new manager had no ill feelings toward her and the employer by no means "set out to harm or injure any of its employees." Claimant's remaining contentions have been considered and found to be unavailing.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.