■ In the Matter of the Claim of NAOMI VAUPELL, Appellant, v CITY OF BUFFALO BOARD OF EDUCATION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [732 NYS2d 142] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 16, 1999, which ruled that claimant had no further causally related disability and denied her claim for workers' compensation benefits.

After suffering a head laceration and concussion in September 1993 while working as a special education teacher for her self-insured employer, claimant filed for and received workers' compensation benefits for a consequential psychiatric condition. In September 1994, claimant returned to work with no restriction imposed by her treating psychiatrist and the case was closed. Effective September 23, 1995, claimant was denied tenure and terminated from her position based upon her poor job performance. Claimant then filed for further benefits alleging that her ineffectiveness as a teacher and termination were causally related to her previously compensable psychiatric condition. A Workers' Compensation Law Judge denied her claim upon finding that any recurrence of her stress-related symptoms was due to her poor performance evaluations. The

Workers' Compensation Board affirmed this decision, claimant appeals and we also affirm.

Since the Board decided only the question of whether claimant's inability to perform her job and her resulting termination were causally related to her 1993 injury, this Court's review is limited to determining whether substantial evidence supports the Board's conclusion that claimant's loss of employment was solely related to the employer's denial of tenure and her poor work performance. In this connection, we note, as did the Board, that Workers' Compensation Law § 2 (7) specifically excludes from compensation "an injury which is solely mental and is based on workrelated stress if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (*see, Matter of Spencer v Time Warner Cable*, 278 AD2d 622, *lv denied* 96 NY2d 706).

Our review of the record reveals that claimant's treating psychiatrist, Augustine Diji, averred that "[i]n August 1994 [claimant] reported substantial improvement and felt comfortable in returning to school." Diji testified that he had not placed any restrictions on claimant's employment, and while claimant had experienced some anxiety at the beginning of the school year, she stopped taking medication in December 1994, was adjusting well and had an improved outlook. Although Diji opined that claimant's inability to handle her assigned teaching position was related to her initial incident and resulting psychiatric problems, Diji's records and testimony also demonstrated that it was not until claimant received negative evaluations beginning in January 1995 and continuing throughout the balance of the school year that her symptoms recurred and he again prescribed medication. Claimant testified that she was emotionally devastated when she received negative evaluations and the letter of dismissal. Thus, we find that the Board's conclusion that claimant's symptoms of stress were related to poor work evaluations rather than her original compensable injury is supported by the record.

Finally, proof at the hearing established that claimant had been evaluated as unsatisfactory in the performance of her teaching duties prior to, as well as after, her injury. In view of this and the lack of any evidence in the record suggesting that the employer acted in bad faith in making the negative evaluations or denying claimant tenure, we decline to disturb the Board's decision (*see, Matter of Mattoon v New York State Dept. of Labor*, 284 AD2d 667).

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.