■ In the Matter of the Claim of GOLDIE PITCHFORD, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 545] —Rose, J. Appeal from a decision of the Workers' Compensation Board, filed June 20, 2001, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

After she was found to have engaged in prohibited political activity during the workday, claimant was demoted from her appointed position as Superintendent of the Parkside Correctional Facility to her permanent civil service title of senior correctional counselor. Claimant applied for workers' compensation benefits, claiming that she suffered from depression as a result of this demotion. The employer's workers' compensation carrier controverted the claim, and a Workers' Compensation Law Judge determined that claimant's alleged mental injury was not compensable because she had failed to show that the employer had acted in bad faith. A panel of the Workers' Compensation Board affirmed, prompting this appeal.

Workers' Compensation Law § 2 (7) bars compensation for a solely mental injury based on work-related stress if the injury is "a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (see Matter of DePaoli v Great A & P Tea Co., 94 NY2d 377, 380 [2000]). Whether an employer's action constitutes a lawful personnel decision taken in good faith is a factual question for resolution by the Board (see Matter of Chaousy v Marine Midland Bank, 269 AD2d 625, 626 [2000]; Matter of Meyers v Teachers Coll., Columbia Univ., 199 AD2d 623, 624 [1993]). Here, the employer demoted claimant after an internal investigation concluded that claimant directed her secretary to call the superintendents of several other correctional facilities to ascertain whether they had received invitations to a fundraising dinner for the Governor, conduct that claimant admits. Inasmuch as such activity violated the employer's rules against political activity in the workplace, substantial evidence supports the Board's determination that the demotion of claimant was a lawful personnel decision undertaken in good faith. Claimant's remaining contentions have been considered and found to be unavailing.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.