◼ In the Matter of the Claim of MARY ELLEN AUBEL, Appellant, v PRICE CHOPPER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [762 NYS2d 837] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed May 23, 2002, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

In this controverted workers' compensation claim, the Workers' Compensation Board twice rescinded and remanded the decision of the Workers' Compensation Law Judge, first for further development of the record, and second for a decision on all issues. The Workers' Compensation Law Judge reestablished the case for a work-related stress disorder, finding Workers' Compensation Law § 2 (7) inapplicable. The Board reversed, finding Workers' Compensation Law § 2 (7) barred claimant's application for benefits. Claimant appeals and we affirm.

A psychiatric injury based upon work-related stress is not compensable if it is "a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (Workers' Compensation Law § 2 [7]; *see Matter of De Paoli v Great A & P Tea Co.*, 94 NY2d 377, 380 [2000]; *Matter of Vaupell v City of Buffalo Bd. of Educ.*, 288 AD2d 510, 511 [2001]; *Matter of Spencer v Time Warner Cable*, 278 AD2d 622, 623 [2000], *lv denied* 96 NY2d 706 [2001]). While not disputing that she was subject to personnel decisions, claimant asserts that they were not taken in good faith. " 'Whether the employer's actions constituted a lawful personnel decision undertaken in good faith is a factual issue to be resolved by the Board' " (*Matter of Mattoon v New York State Dept. of Labor*, 284 AD2d 667, 668 [2001], quoting *Matter of Miles v State Ins. Fund*, 267 AD2d 511, 512 [1999]). Claimant's assertions that she was singled out and subjected to abusive conduct by her supervisors was countered by evidence and testimony which established that actions taken by the employer were to remedy either deficiencies in claimant's work performance or to address complaints made by customers and coworkers. Since the Board's resolution of these factual issues is supported by substantial evidence in the record, the Board's decision will not be disturbed (*see Matter of Spencer v Time Warner Cable, supra*

at 623; *Matter of Meyers v Teachers Coll., Columbia Univ.*, 199 AD2d 623, 624 [1993]).

Claimant's additional assertions were unpreserved for appellate review and, in any event, are meritless.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.