■ In the Matter of the Claim of DANIEL T. MASON, Appellant, v REUNION INDUSTRIES, INC., et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [820 NYS2d 168]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed February 6, 2004, which ruled that claimant did not sustain a causally related injury and denied his claim for workers' compensation benefits.

Claimant, a maintenance worker, had his case established for the exacerbation of a preexisting panic disorder and depression

resulting from work-induced stress. Upon review, the Workers' Compensation Board reversed that decision and disallowed the claim, finding that the stress experienced by claimant was both typical to his work environment and, pursuant to Workers' Compensation Law § 2 (7), the result of lawful employment decisions. The Board also concluded that claimant's condition was not causally connected to his work stress. Claimant now appeals.

Initially, we disagree with the Board that Workers' Compensation Law § 2 (7) serves as a bar to this claim. There is no indication in the record that claimant's stress was caused as a direct consequence of him being disciplined, evaluated, transferred, demoted or terminated (*see* Workers' Compensation Law § 2 [7]; *Matter of Aubel v Price Chopper*, 307 AD2d 691, 691 [2003]).

We do, however, find that substantial evidence in the record supports the Board's determination that the stress encountered by claimant was no " 'greater than that which usually occurs in the normal work environment' " (*Matter of Charlotten v New York State Police*, 286 AD2d 849, 849 [2001], quoting *Matter of Troy v Prudential Ins. Co.*, 233 AD2d 635, 635 [1996]). Claimant had a history of panic disorders dating back to 1975. He began working for the employer in 1988 and continued to do so in various capacities until March 2002, when his doctor advised him to stop working due to the worsening nature of his panic attacks. Claimant alleged that the stress which had aggravated his condition occurred when a new plant manager was hired, there was a reduction in maintenance staff and claimant was required to perform additional work duties. On this record, we discern no basis to disturb the Board's factual determination that claimant's work-related stress did not exceed that which could be expected in his normal work environment (*see Matter of Charlotten v New York State Police, supra* at 849; *Matter of Kaliski v Fairchild Republic Co.*, 151 AD2d 867, 867-868 [1989], *affd* 76 NY2d 1002 [1990]).

We further find that substantial evidence in the record supports the Board's determination that claimant's condition was not aggravated by the stress from his work. Although claimant's treating psychiatrist testified that the stress encountered by claimant at work did exacerbate his condition and disabled him from working, a psychiatrist who performed an examination of claimant at the request of the employer's workers' compensation carrier disagreed, opining that there was no causal relationship between claimant's condition and his work stressors. The Board was free to credit the opinion of the carrier's expert over that of claimant's expert (*see Matter of Hoehn v Hevesi*, 14

AD3d 761, 762 [2005], *lv denied* 4 NY3d 708 [2005]; *Matter of Collins v New York State & Local Retirement Sys.*, 5 AD3d 817, 818 [2004]).

Mercure, J.P., Crew III, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.