■ In the Matter of the Claim of KENNETH WITKOWICH, Appellant, v SUNY ALFRED STATE COLLEGE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [914 NYS2d 796]—

Kavanagh, J. Appeals (1) from a decision of the Workers' Compensation Board, filed June 1, 2009, which ruled that claimant's applications for workers' compensation benefits were barred by Workers' Compensation Law § 2 (7), and (2) from a decision of said Board, filed December 24, 2009, which denied claimant's request for full Board review.

Three months after claimant began serving as the Chief of University Police for Alfred State College he was terminated. A day later, he filed an application for workers' compensation benefits, claiming that in the days immediately prior to his termination he had suffered a "recurrence of posttraumatic stress disorder, [irritable bowel syndrome and] anxiety"—or, a panic attack. Two months later he filed a second claim, alleging that the manner in which he was informed of his termination exacerbated his preexisting psychological conditions. After extensive hearings were conducted on these claims, a Workers' Compensation Law Judge (hereinafter WCLJ) denied both applications, concluding that Workers' Compensation Law § 2 (7) barred them. A Workers' Compensation Board panel affirmed that decision, finding that claimant's injuries were not compensable. Claimant's subsequent application for full Board review was denied, and he now appeals from the denial of his applications for benefits and for full Board review.*

Initially, claimant argues that he was deprived of due process in the manner in which his hearings were conducted because the WCLJ who rendered the final decision did not hear all the testimony introduced during the hearings. Claimant does not claim that the WCLJ did not have access to a stenographic transcript of the proceedings prior to rendering his decision, nor

---

* Claimant has failed to address the decision denying his request for full Board review, and thus, the appeal therefrom is deemed abandoned (see Matter of Fallon v Syracuse City School Dist., 77 AD3d 997, 998 n [2010]; Matter of Perez v Licea, 74 AD3d 1672, 1673 n 1 [2010], lv denied 15 NY3d 711 [2010]).

did claimant object to different WCLJs being assigned to this matter while the hearings were being conducted. As a result, he has not preserved this issue and cannot raise it for the first time on appeal (*see Matter of Jorgeson v Acme Elec. Corp.*, 51 AD2d 1084 [1976]). Moreover, we do not agree that the security measures implemented while these hearings were being conducted so tainted the atmosphere as to deprive claimant of due process.

Claimant also argues that the Board's determination that Workers' Compensation Law § 2 (7) served to bar his claims is not supported by substantial evidence. A mental injury, even if job related, is not compensable if it is "a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (Workers' Compensation Law § 2 [7]). Claimant argues that the decision to terminate him was not justified or made in good faith and, as such, did not constitute "a lawful personnel decision" made by the employer. However, the Board, in reaching its decision, reviewed claimant's employment history and, in particular, took into account that the employer, prior to terminating him, had received numerous complaints alleging inappropriate behavior on claimant's part while serving as Chief of Police (*see Matter of Aubel v Price Chopper*, 307 AD2d 691, 691 [2003]; *Matter of Pitchford v New York State Dept. of Correctional Servs.*, 305 AD2d 821 [2003]). As for the precautions taken by the employer when it notified claimant of his termination, they may have been unorthodox but, under the circumstances, were justified by a legitimate concern that existed as to claimant's mental state and how he might react upon learning that he had been removed from his position.

Claimant also contends that the stress he encountered as Chief of Police prompted an exacerbation of a preexisting mental condition that, in turn, caused him to have a panic attack. Such a claim will not "be sustained absent a showing that the stress experienced by the affected claimant was greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Pecora v County of Westchester*, 13 AD3d 916, 917 [2004] [internal quotation marks and citations omitted]; *see Matter of Young v Pentax Precision Instrument Corp.*, 57 AD3d 1323, 1324 [2008]; *Matter of Parrinello v New York City Tr. Auth.*, 47 AD3d 980, 981 [2008]). Here, the medical evidence received by the Board established that claimant had a history, prior to being employed as Chief of Police, of claiming that he had suffered psychological injuries as a result of stress in the work place and had previously exhibited

signs of "delusional thinking and paranoia." Moreover, no evidence was introduced at the hearings that his position as Chief of Police was extraordinarily stressful or that the injuries he claimed to have sustained were caused by conditions that existed in the work place (*see Matter of Mason v Reunion Indus. Inc.*, 32 AD3d 633, 634-635 [2006]).

Spain, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the decisions are affirmed, without costs.