*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 17, 2016                    519095
                                                        520141
_____

In the Matter of JENNIFER
    DUNCAN,
                    Appellant,

        v

JOHN WILEY & SONS, INC., et al.,            MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  February 11, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                    _____

        Norton & Christensen, Goshen (Henry N. Christensen Jr. of
counsel), for appellant.

        Ryan, Roach & Ryan, LLP, Kingston (John D. Dunne of
counsel), for The Hartford, respondent.

                    _____

Clark, J.

        Appeals (1) from a decision of the Workers' Compensation
Board, filed April 15, 2013, which, among other things, directed
that claimant submit to an independent medical examination, and
(2) from a decision of said Board, filed August 22, 2014, which,
among other things, ruled that claimant's workers' compensation
benefits be suspended for failure to submit to an independent
medical examination.

        This Court previously affirmed a decision of the Workers'

Compensation Board that found that claimant sustained an accidental injury — identified as multiple chemical sensitivity — during the course of her employment due to prolonged exposure to noxious fumes during workplace renovations in 2000 and awarded her workers' compensation benefits (Matter of Duncan v John Wiley & Sons, Inc., 54 AD3d 1124 [2008]). In connection with the establishment of claimant's accidental injury, the workers' compensation carrier was directed to produce a consultant's report on the question of permanency. When no independent medical examination (hereinafter IME) was performed for over five years due, in part, to the numerous conditions imposed by claimant and her doctor regarding the transportation to and location of the IME in an effort to accommodate claimant's disability, a Workers' Compensation Law Judge (hereinafter WCLJ), by decision dated October 20, 2011, directed the parties to try again to reasonably accommodate each other in having claimant examined at an IME.

Thereafter, claimant filed a request for further action due to the carrier's failure to produce an IME. Following a May 4, 2012 hearing, a WCLJ, noting the obstacles presented by the numerous and changing restrictions imposed by claimant's doctor regarding transportation to and location of an IME, ordered that an IME take place at claimant's home inasmuch as claimant is routinely attended to at home by visiting nurses[1] from Sullivan County. The WCLJ also directed that the IME doctor, among other things, comply with the examination restrictions set forth by claimant's doctor. The Board, by decision filed April 15, 2013, affirmed the WCLJ's order of an in-home IME, noting that claimant risks a possible suspension of benefits upon noncompliance. Claimant's request for reconsideration and/or full Board review was denied.

Subsequent attempts to schedule an IME both at claimant's home and at a doctor's office were unsuccessful. By decision dated August 22, 2014, the Board suspended claimant's lost wage

---

[1]  Claimant asserts that the individuals are personal care aides, not visiting nurses.

benefits based upon her failure to attend an IME.  Claimant appeals from both the Board's April 15, 2013 decision directing an in-home IME and its August 22, 2014 decision suspending her workers' compensation benefits.

To the extent that claimant challenges the WCLJ's authority to order an in-home IME, this issue was not raised before the Board and, therefore, is not preserved for our review (see Matter of Thomas-Fletcher v New York City Dept. of Corr., 120 AD3d 867, 867 [2014]; Matter of Cerbasi v County Metal & Glass, Inc., 115 AD3d 1084, 1085-1086 [2014]; Matter of Barone v Interstate Maintenance Corp., 73 AD3d 1302, 1303 [2010]).  Similarly, claimant's contention that she was denied due process by the WCLJ's failure to contact her by telephone for the May 4, 2012 hearing is also not preserved for our review inasmuch as claimant's counsel did not object at the hearing nor was the issue raised in the application for Board review (see Matter of Witkowich v SUNY Alfred State Coll., 80 AD3d 1099, 1099-1100 [2011]; Matter of Toner v Michael Hanley Moving & Stor., 40 AD3d 1199, 1200 [2007], lv denied 9 NY3d 808 [2007]).

We are unpersuaded by claimant's contention that the April 15, 2013 Board decision directing an in-home IME is not supported by substantial evidence.  The carrier is statutorily entitled to have claimant independently examined by a doctor (see Workers' Compensation Law § 13-a [4] [b]).  Here, the record establishes that, despite numerous attempts to schedule an IME over the years, there has been no agreement with regard to the transportation or conditions under which the examination could proceed.  The voluminous and evolving protocols, accommodations and restrictions imposed by claimant and her doctor to prevent exacerbation of claimant's condition clearly present extraordinary difficulties, if not an impossibility, in scheduling and implementing an IME.  The record further establishes that claimant is provided with personnel who follow certain protocols set forth by claimant and her doctor in order to tend to claimant in her home without further impairment of claimant's condition.  As such, we find that the Board's decision to order, under these extremely extraordinary circumstances, an in-home IME by a consultant who must adhere to the same protocols

and restrictions as the personnel who tend to claimant on a regular basis is supported by substantial evidence and will not be disturbed. Although claimant asserts that the Board mischaracterized or misapprehended certain factors, we do not find that the substantial evidence supporting the Board's decision is undermined by any alleged inaccuracies.

Turning to the Board's August 22, 2014 decision, we note that "refusal by the claimant to submit to [an IME] at such time or times as may reasonably be necessary in the opinion of the [B]oard, shall bar the claimant from recovering compensation for any period during which he or she has refused to submit to such examination" (Workers' Compensation Law § 13-a [4] [b]). Whether suspending compensation payments on account of a claimant's attempt to frustrate a carrier's right to engage in an IME is a question of fact for the Board to resolve (see Matter of Jasmine v Rainbow Grill, 115 AD2d 862, 863 [1985]). Here, there are opposing views as to why claimant did not submit to an IME. It was within the Board's purview to credit the carrier's assertion that it has engaged in extraordinary efforts to schedule the IME in accordance with the WCLJ's May 9, 2012 directive – which subsequently was affirmed by the Board's April 15, 2013 decision – and that such efforts were thwarted by claimant's perpetual requests and demands of rescheduling and relocating the IME (see Matter of Jasmine v Rainbow Grill, 115 AD2d at 863). As such, we find that substantial evidence supports the Board's finding that claimant frustrated the carrier's right to engage an independent consultant by unreasonably refusing to attend an IME so as to warrant suspension of her benefits (see Workers' Compensation Law § 13-a [4] [b]; see also Matter of Jasmine v Rainbow Grill, 115 AD2d at 863). We have reviewed claimant's remaining contentions and find them to be without merit.

Garry, J.P., Egan Jr., Lynch and Devine, JJ., concur.

-5-                        519095
                           520141

ORDERED that the decisions are affirmed, without costs.




                ENTER:

                Robert D. Mayberger
                Clerk of the Court