*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015          518725
_____

In the Matter of the Claim of
    STANLEY N. LOZOWSKI,
                    Appellant,

        v

THE WIZ,
                    Respondent,

        and                          MEMORANDUM AND ORDER

ROYAL INSURANCE COMPANY OF
    AMERICA, In Care of
    ARROWPOINT CAPITAL,
                    Respondent.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

                    _____


        Stanley N. Lozowski, New Hyde Park, appellant pro se.

        Cherry, Edson & Kelly, LLP, Carle Place (David W. Faber of
counsel), for Royal Insurance Company of America, respondent.

                    _____


Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed June 7, 2013, which ruled that claimant did not suffer an
accidental injury arising out of and in the course of his
employment and denied his claim for workers' compensation
benefits.

Claimant worked at a store kiosk selling Internet services when, in August 1999, he took a leave of absence and, ultimately, ceased working entirely after complaints he made to his employer over sales commissions went unresolved. Thereafter, in September 2000, claimant filed for workers' compensation benefits alleging that the work-related stress from "harassment on [the] job" caused him to develop anxiety and depression. After a series of protracted delays, in November 2011, a Workers' Compensation Law Judge (hereinafter WCLJ) ultimately disallowed the claim finding that, despite 10 years having passed since commencement of the case, claimant had failed to provide prima facie evidence with regard to the employer's alleged misconduct nor did he indicate how it caused or contributed to his psychological injury. By decision dated February 2012, however, the Workers' Compensation Board reversed the decision of the WCLJ and returned the case to the trial calendar. After a hearing, at which claimant testified and the deposition testimony of claimant's treating psychologist and the the workers' compensation carrier's independent medical examiner were submitted into evidence, a WCLJ once again disallowed the claim. On appeal, the Board affirmed, finding that claimant failed to show that the stressors he experienced were any greater that those experienced by similarly situated workers in the normal work environment (see Matter of Cerda v New York Racing Assn., 112 AD3d 1075, 1075-1076 [2013]; Matter of Young v Pentax Precision Instrument Corp., 57 AD3d 1323, 1324 [2008]. Claimant's request for full Board review and reconsideration was subsequently denied. Claimant now appeals.

We affirm. It is well settled that mental injuries caused by work-related stress are compensable if the claimant can establish that the stress that caused the injury was "greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Spencer v Time Warner Cable, 278 AD2d 622, 623 [2000], lv denied 96 NY2d 706 [2001]; see Workers Compensation Law § 2 [7]; Matter of Guillo v NYC Hous. Auth., 115 AD3d 1140, 1140 [2014]). In resolving this factual issue, the Board's determination will not be disturbed so long as it is supported by substantial evidence (see Matter of Parrinello v New York City Tr. Auth., 47 AD3d 980, 981 [2008]). Here, claimant testified that, as a result of his dispute with the employer over sales commissions, he suffered debilitating

depression that resulted in his treating psychologist recommending a leave of absence and, ultimately, his inability to return to work.  Notably, however, claimant had a medical history of anxiety and depression dating back to 1973.  Further, in September 1998, two months before he started work with the employer, he sought treatment with the treating psychiatrist to address depression issues triggered by certain marital stressors. Although claimant avers that the stress he sustained as a result of not receiving his sales commissions exacerbated his mental condition, no evidence was entered into the record other than claimant's conclusory assertion to the contrary, establishing that claimant actually performed work or conducted sales for which the employer failed to provide payment or that the employer otherwise unlawfully withheld commissions that claimant was entitled to receive.  Accordingly, we find no basis to disturb the Board's factual determination that claimant's work-related stress did not exceed that which could be expected in his normal work environment (see Matter of Witkowich v SUNY Alfred State Coll., 80 AD3d 1099, 1101 [2011]).

Lahtinen, J.P., McCarthy and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court