*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    520578
_____

In the Matter of the Claim of
    SANDRA HAYNES,
                    Respondent,

        v
                                          MEMORANDUM AND ORDER

CATHOLIC CHARITIES et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Wolff Goodrich & Goldman, LLP, Syracuse (Robert E. Geyer
Jr. of counsel), for appellants.

        Law Office of K. Felicia Davis, Syracuse (K. Felicia Davis
of counsel), for Sandra Haynes, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed May 7, 2014, which ruled that claimant sustained a
compensable injury.

        Claimant, who worked as a caseworker, applied for workers'
compensation benefits in October 2012, alleging that she suffered

a psychological injury as the result of being assaulted by a client. Following hearings, a Workers' Compensation Law Judge established the claim, and the Workers' Compensation Board affirmed. The employer and its workers' compensation carrier now appeal, arguing that the claim is barred by Workers' Compensation Law § 2 (7).

We affirm. Workers' Compensation Law § 2 (7) precludes claims for mental injuries based upon work-related stress "if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer." "Whether the employer's actions constituted a lawful personnel decision undertaken in good faith is a factual issue to be resolved by the Board" (Matter of Miles v State Ins. Fund, 267 AD2d 511, 512 [1999] [citation omitted]; accord Matter of Aubel v Price Chopper, 307 AD2d 691, 691 [2003]). The employer and carrier contend that claimant's condition was the consequence of two warning letters that were issued in good faith to claimant and, therefore, her condition is not compensable pursuant to Workers' Compensation Law § 2 (7). In April 2012, claimant was given a warning letter for failing to follow the employer's protocol in handling a situation involving a runaway child and for several incidents in which claimant had communicated inappropriately with coworkers or clients. Claimant was issued another warning letter in July 2012, based upon a report received by the employer that she had been rude to an employee at a homeless shelter. According to both claimant's supervisor and the employer's human resources representative, however, the warning letter was issued without the employer ever contacting the complaining employee or receiving a written complaint. Claimant denied the allegation and refused to sign the letter. Although the Board found that the April 2012 discipline was, at least in part, a lawful personnel decision, it concluded that the employer had not established that the July 2012 discipline was undertaken in good faith.

The employer's claims regarding the cause of claimant's condition were countered by the testimony of David Blair, a licensed clinical social worker, who testified that he had diagnosed claimant as suffering from recurrent posttraumatic

stress disorder stemming from work-related stress as early as February 2012, which was prior to the issuance of the warning letters. Claimant testified that she was unable to work due to the stress that resulted from being punched by a client in the stomach in July 2012, which resulted in her being paranoid around clients and caused certain physical symptoms, including sleeplessness. The Board also credited the testimony of claimant and her witness that they overheard claimant's supervisor, the employer's human resources director and an associate director all make disparaging remarks about claimant to each other, including that she was faking her mental condition, at a meeting that claimant was asked to attend in August 2012. "According deference to the Board's resolution of witness credibility issues" (Matter of Hopkins v Emcor Group, Inc., 130 AD3d 1114, 1115 [2015]), and in light of the evidence that claimant suffers from a mental injury stemming from work-related stress and that she was being treated for the condition prior to the issuance of the warning letters, the Board's determination that the claim was not barred by Workers' Compensation Law § 2 (7) is supported by substantial evidence and will not be disturbed (see Matter of Potter v Curtis Lbr. Co., Inc., 10 AD3d 819, 820 [2004]; Matter of DePaoli v Great A & P Tea Co., 257 AD2d 912, 912 [1999], affd 94 NY2d 377 [2000]). Further, based upon the foregoing, we find that the Board's determination that the stress that caused claimant's injury was greater than that of other similarly situated workers also is supported by substantial evidence (see Matter of Brittain v New York State Ins. Dept., 107 AD3d 1340, 1341-1342 [2013]).

McCarthy, J.P., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court