*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 17, 2016             522424
_____

In the Matter of the Claim of
    LYNNE CUVA,
                    Appellant,

        v

STATE INSURANCE FUND et al.,              MEMORANDUM AND ORDER
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  October 19, 2016

Before:  Peters, P.J., Garry, Egan Jr., Rose and Mulvey, JJ.

_____

        Law Firm of Alex C. Dell, PLLC, Albany (Mindy E. McDermott
of counsel), for appellant.

        Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of
counsel) and William O'Brien, State Insurance Fund, Albany, for
State Insurance Fund and another, respondents.

_____


Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed March 27, 2015, which, among other things, ruled that
claimant did not suffer an accidental injury arising out of and
in the course of her employment and denied her claim for workers'
compensation benefits.

        Claimant, a long-term employee of the Workers' Compensation
Board, was working in a supervisory position as a program manager
on March 7, 2013 when an incident occurred during a work-related

discussion between claimant and one of her subordinates, an examiner.  Claimant filed a workplace violence report, which was later determined to be unfounded by the Director of Human Resources.  At the time, claimant's bureau, which was operating under a significant backlog and had experienced a high turnover rate, was being evaluated and reorganized, and claimant was reassigned to a new unit in April 2013.  After the incident, claimant, who had a history of treatment for non-work-related anxiety, depression and posttraumatic stress disorder (hereinafter PTSD), reportedly experienced increased symptoms of anxiety and depression, as well as panic attacks, insomnia and difficulty concentrating for which she sought treatment from her internal medicine physician.

In January 2014, after claimant was again reassigned, she filed a claim for workers' compensation benefits alleging that she had felt threatened during the March 2013 encounter and that it had caused her stress, panic attacks and digestive problems. Claimant stopped working in June 2014 on the advice of her physician, who concluded that she was completely disabled due to her ongoing mental health problems, and she filed another claim in July 2014 alleging that the incident had also caused PTSD. She attributed her symptoms to being "threatened" by her coworker and harassed for filing a workplace violence report and required by the employer to undergo a psychological exam in June 2013.

After a series of hearings and the submission of claimant's medical records and the reports and deposition testimony of her treating physician, as well as an independent medical exam by the workers' compensation carrier's consultant, a Workers' Compensation Law Judge (hereinafter WCLJ) issued an amended decision disallowing the claim on the grounds, among others, that claimant did not experience work-related stress greater than what is experienced in a normal work environment, and that the exacerbation of her mental health symptoms did not arise out of and in the course of the March 7, 2013 incident or its aftermath. The WCLJ also found that her claim of workplace violence was unsubstantiated.  The Workers' Compensation Board affirmed, and claimant now appeals.

We affirm.  It is well established that "mental injuries caused by work-related stress are compensable if the claimant can establish that the stress that caused the injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Lozowski v Wiz, 134 AD3d 1177, 1178 [2015] [internal quotation marks and citation omitted]; see Workers' Compensation Law § 2 [7]; Matter of Guillo v NYC Hous. Auth., 115 AD3d 1140, 1140 [2014]; Matter of Witkowitch v SUNY Alfred State Coll., 80 AD3d 1099, 1100 [2011]). In resolving that factual question, the Board's determination will not be disturbed provided that it is supported by substantial evidence (see Matter of Lozowski v Wiz, 134 AD3d at 1178).

While the medical evidence concluded, based upon claimant's self reporting, that the March 7, 2013 incident caused or exacerbated her mental health problems, substantial evidence supports the Board's factual determination that the incident was not compensable on the ground that the work-related stress suffered by claimant that led to her anxiety, PTSD and depression was not "greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Lozowski v Wiz, 134 AD3d at 1178 [internal quotation marks and citation omitted]).  Regarding the incident, claimant testified that she was standing outside the examiner's cubicle discussing a work issue when he became angry, grabbed the arms of his chair and began "shaking," gritting his teeth and "seething," making a hissing sound.  However, he remained seated, facing his computer and did not make verbal or physical threats or raise his voice. While claimant testified that the examiner swore at her during the encounter, the WCLJ credited a coworker who testified that she had overheard "a work interaction" in which claimant and the examiner "disagreed" and that she had informed claimant, after the incident, that the examiner used profanity after claimant walked away from the disagreement.  The WCLJ also discredited claimant's account of the incident and her claim that this brief episode left her terrified, based upon her testimonial demeanor as well as her inconsistent accounts and actions after the incident, including claimant's return to the examiner's work area shortly after the incident to speak with a coworker; her treating physician's testimony that she had inconsistently reported that

the examiner had made knifelike gestures at her; her testimony and emails establishing that, the day after the incident, she had a meeting with the examiner and later reported that the matter was "settled" and that they were "moving forward with a good working relationship"; and her reassignment to another unit in April 2013 where she did not work with or supervise the examiner.

Deferring to the Board's credibility determinations (see Matter of Hill v Shoprite Supermarkets, Inc., 140 AD3d 1564, 1565 [2016]), we find that the record as a whole supports its conclusion that this was, at most, "an isolated incident of insubordination" to which the employer appropriately responded, which was not so improper or extraordinary as to give rise to a viable claim for a work-related injury. Accordingly, we find no basis to disturb the Board's determination that claimant's work-related stress did not exceed that which could be expected by a supervisor in a normal work environment (see Matter of Lozowski v Wiz, 134 AD3d at 1178; Matter of Guillo v NYC Hous. Auth., 115 AD3d at 1141).

Finally, we are unpersuaded by claimant's contention that the unannounced presence at the hearing of the supervising WCLJ (the presiding WCLJ's supervisor) or claimant's employment by the Board gave rise to an appearance of impropriety or conflict of interest requiring recusal of the presiding WCLJ.[1] While the supervising WCLJ acknowledged, when asked, that it was not normal practice to observe hearings, there was nothing inappropriate in the supervisory observation, and claimant failed to identify any basis for the presiding WCLJ's mandatory or discretionary recusal (see Judiciary Law § 14; see also 22 NYCRR 100.2; People v Alteri, 47 AD3d 1070, 1070-1071 [2008]). Moreover, a review of the record discloses no indication of partiality, appearance of impropriety or unfairness in the conduct of the hearings or the

---

[1] Claimant's request that her claim be adjudicated by an outside arbiter pursuant to Workers' Compensation Law § 20 (2) was denied in writing on the ground that her title as a Principal Workers' Compensation Examiner did not qualify her for this Employee Claim Resolution Program. Claimant does not make any argument on appeal that this determination was incorrect.

determination of noncompensability.  Claimant's remaining contentions have been reviewed and, to the extent that they are preserved, have been determined to lack merit.

Peters, P.J., Garry, Egan Jr. and Mulvey, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court