■ In the Matter of the Claim of BRIAN BURKE, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [50 NYS3d 625]—

Devine, J. Appeal from a decision of the Workers' Compensation Board, filed September 25, 2015, which ruled that claimant did not sustain a compensable injury and denied his claim for workers' compensation benefits.

Claimant, a subway train operator, applied for workers' compensation benefits alleging that he suffered work-related psychological injuries as the result of being harassed by various supervisors. Following hearings, a Workers' Compensation

Law Judge disallowed the claim. The Workers' Compensation Board affirmed, concluding that claimant had failed to show that the stress he experienced was any greater than that experienced by similarly situated workers in the normal work environment.

Claimant now appeals.

We affirm. "It is well settled that mental injuries caused by work-related stress are compensable if the claimant can establish that the stress that caused the injury was greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Lozowski v Wiz*, 134 AD3d 1177, 1178 [2015] [internal quotation marks and citations omitted]; *see Matter of Guillo v NYC Hous. Auth.*, 115 AD3d 1140, 1140 [2014]). The Board's resolution of this factual issue will not be disturbed if supported by substantial evidence (*see Matter of Cuva v State Ins. Fund*, 144 AD3d 1362, 1364 [2016]; *Matter of Young v Pentax Precision Instrument Corp.*, 57 AD3d 1323, 1324 [2008]).

The record reflects that claimant wears prescriptive lenses and has a sensitivity to light. Due to the sensitivity, he has tinted lenses clipped on to his eyeglass frames that he can flip down as needed. The employer's director of labor relations testified that he learned that claimant had refused the request of an administrative law judge in an unrelated matter to remove his high-tint lenses upon medical grounds. The director testified that train operators were prohibited from wearing sunglasses for safety reasons, and he requested that claimant be monitored to ensure that he was not wearing his tinted lenses while operating a train.

Claimant testified that several supervisors monitored him at different times over a two-day period. According to claimant, the supervisors harassed and intimidated him to the point that he developed disabling anxiety and panic attacks. In rebuttal, three supervisors that rode along with claimant during the time in question testified at the hearing. According to the supervisors, the encounters with claimant were professional and cordial, neither they nor claimant were angry or upset, and they further testified that they all observed claimant to be in compliance with the employer's rules and that no disciplinary action was taken. Given that witness credibility determinations by the Board are accorded great deference (*see Matter of Cerda v New York Racing Assn.*, 112 AD3d 1075, 1076 [2013]), its determination that the stress created by the investigation was not greater than that which other similarly situated workers experienced in the normal work environment is supported

by substantial evidence and will not be disturbed (*see Matter of Guillo v NYC Hous. Auth.*, 115 AD3d at 1140-1141; *Matter of Veeder v New York State Police Dept.*, 102 AD3d 1072, 1073 [2013], *lv denied* 21 NY3d 854 [2013]). Claimant's remaining claims, including that the Workers' Compensation Law Judge improperly denied his request to further develop the record regarding the basis for the investigation, have been considered and found to be without merit.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.