■ In the Matter of the Claim of DANNA NOVAK, Appellant, v ST. LUKE'S ROOSEVELT HOSPITAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [50 NYS3d 631]—

Garry, J.P. Appeal from a decision of the Workers' Compensation Board, filed December 15, 2015, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.

In May 2014, claimant, a registered nurse, filed a claim for workers' compensation benefits alleging that, as a result of being wrongfully terminated, reinstated and then subjected to, among other things, harassment from her colleagues and supervisors, she sustained work-related injuries consisting of insomnia, depression, posttraumatic stress disorder and severe social phobia. The claim was controverted, and, following a hearing, a Workers' Compensation Law Judge disallowed the claim. Upon administrative review, the Workers' Compensation Board upheld that determination, finding that claimant failed to establish a compensable psychiatric injury because her stress-related mental injuries stemmed from her involvement in a disciplinary proceeding that resulted in a six-month suspension without pay (*see* Workers' Compensation Law § 2 [7]). Claimant now appeals.

---

We affirm. "It is well established that mental injuries caused by work-related stress are compensable if the claimant can establish that the stress that caused the injury was greater than that which other similarly situated workers experienced in the normal work environment" (*Matter of Cuva v State Ins. Fund*, 144 AD3d 1362, 1364 [2016] [internal quotation marks and citations omitted]; *see* Workers' Compensation Law § 2 [7]; *Matter of Lozowski v Wiz*, 134 AD3d 1177, 1178 [2015]; *Matter of Guillo v NYC Hous. Auth.*, 115 AD3d 1140, 1140-1141 [2014]; *Matter of Cerda v New York Racing Assn.*, 112 AD3d 1075, 1076 [2013]). Workers' Compensation Law § 2 (7), however, precludes claims for mental injuries based upon work-related stress "if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (*see Matter of Haynes v Catholic Charities*, 135 AD3d 1267, 1267 [2016]; *Matter of Brittain v New York State Ins. Dept.*, 107 AD3d 1340, 1341 [2013]). "Whether the employer's actions constituted a lawful personnel decision undertaken in good faith is a factual issue to be resolved by the Board" and will not be disturbed provided that it is supported by substantial evidence (*Matter of Haynes v Catholic Charities*, 135 AD3d at 1267 [internal quotation marks and citations omitted]; *accord Matter of Aubel v Price Chopper*, 307 AD2d 691, 691 [2003]).

The record reflects that, in December 2010, claimant's employment was terminated for allegedly leaving her post and abandoning her patients for over 90 minutes to engage in a personal conversation. An arbitrator thereafter found that just cause did not support claimant's termination, and claimant's employment was reinstated and she was given a six-month suspension.* Claimant testified that, upon returning to work in July 2012, and up until she left her employment in November 2013, her psychiatric injuries were caused by the mistreatment that she endured from her coworkers consisting of hostility, threats and harassment, and that management failed to intercede when she lodged her complaints to her supervisor and the human resources department. Contrary to claimant's contentions, the employer's witness, the director and supervisor of the nursing staff, testified that she received a single complaint from claimant regarding the lack of support from her coworkers and their unfriendly disposition towards her; however, upon conducting an investigation and speaking to

---

* A complaint against claimant was also filed with the State Office of Professional Discipline alleging misconduct, but that allegation was ultimately not substantiated.

claimant's coworkers, claimant's allegation was unfounded. The employer's witness also testified that she did not recall receiving any other direct complaints from claimant regarding any alleged lack of support from the nursing staff.

According deference to the Board's resolution of witness credibility issues (*see Matter of Cuva v State Ins. Fund*, 144 AD3d at 1365; *Matter of Guillo v NYC Hous. Auth.*, 115 AD3d at 1141), and in light of the evidence that claimant began receiving medical treatment for her psychiatric conditions, including depression, anxiety and insomnia, as early as June 2010, we find no basis to disturb the Board's factual determination that claimant's work-related stress did not exceed that which could be expected in her normal work environment and that the genesis of the exacerbation of her mental injuries was her involvement in a disciplinary proceeding taken in good faith and not her interactions with coworkers upon returning to work in June 2012 (*see* Workers' Compensation Law § 2 [7]; *Matter of Lozowski v Wiz*, 134 AD3d at 1178; *Matter of Guillo v NYC Hous. Auth.*, 115 AD3d at 1141; *compare Matter of Haynes v Catholic Charities*, 135 AD3d at 1268).

Lynch, Clark, Mulvey and Aarons, JJ., concur. Ordered that the decision is affirmed, without costs.