Matter of Lanese v Anthem Health Servs. (2018 NY Slip Op 06845)





Matter of Lanese v Anthem Health Servs.


2018 NY Slip Op 06845


Decided on October 11, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 11, 2018

525991

[*1]In the Matter of the Claim of PAULA M. LANESE, Appellant,
v
ANTHEM HEALTH SERVICES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: September 12, 2018

Before: Garry, P.J., McCarthy, Lynch, Aarons and Rumsey, JJ.


Buckley, Mendleson, Criscione & Quinn, PC, Albany (Brendan G. Quinn of counsel), for appellant.
Walsh and Hacker, Albany (Scott R. Toth of counsel), for Anthem Health Services and another, respondents.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed March 13, 2017, which ruled that claimant did not sustain a compensable injury and denied her claim for workers' compensation benefits.
In March 2016, claimant, a registered nurse case manager, filed a claim for workers' compensation benefits alleging that, due to harassment and bullying by her managers, she suffered a relapse of preexisting depression and anxiety that caused her to cease working in February 2016. The claim was controverted and, following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim. On administrative review, the Workers' Compensation Board upheld the determination, finding that claimant had failed to demonstrate that the stress to which she was subject was greater than that experienced by similarly situated workers so as to support a compensable psychic injury. Claimant now appeals.
We affirm. Initially, claimant contends that the decision of the WCLJ was defective in that the WCLJ read his findings and conclusions into the record after the close of the hearing, after the parties were dismissed, and thereafter issued a decision that disallowed the claim "for the reasons stated on the record." The Board concluded that while "the WCLJ should have had the parties return to the hearing room while he placed his findings on the record or issued a [*2]reserved decision," remand to another WCLJ was not warranted. We agree (see 12 NYCRR 300.5 [a]).[FN1]
Turning to the Board's disallowance of the claim, "[i]t is well settled that mental injuries caused by work-related stress are compensable if the claimant can establish that the stress that caused the injury was greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Burke v New York City Tr. Auth., 148 AD3d 1498, 1499 [2017] [internal quotation marks and citation omitted]; see Matter of Novak v St. Luke's Roosevelt Hosp., 148 AD3d 1509, 1510 [2017]). However, Workers' Compensation Law § 2 (7) precludes claims for mental injuries due to work-related stress "if such mental injury is a direct consequence of a lawful personnel decision involving a disciplinary action, work evaluation, job transfer, demotion, or termination taken in good faith by the employer" (see Matter of Novak v St. Luke's Roosevelt Hosp., 148 AD3d at 1510). "The Board's resolution of th[ese] factual issue[s] will not be disturbed if supported by substantial evidence" (Matter of Burke v New York City Tr. Auth., 148 AD3d at 1499 [citations omitted]; see Matter of Cuva v State Ins. Fund, 144 AD3d 1362, 1364 [2016]).
The record reflects that claimant worked for the employer since 2012, initially in the office and then at home, and suffered a recurrence of posttraumatic stress disorder and mental health problems in early 2015 attributable to the tragic death of her son in 2011. After a six-week leave of absence, claimant returned to her position working from home overseen by a new supervisor, and she obtained disability-related accommodations in August 2015 that, by all accounts, permitted her to successfully perform the duties of her case manager position. At the end of 2015, claimant was offered and accepted a new position with the employer for which she was assigned a new out-of-town supervisor, who was in the process of setting up the new unit and was not initially aware that some of claimant's accommodations were still in place. Claimant stopped working on February 26, 2016 and did not return and was diagnosed and treated for major depressive disorder. Claimant's treating clinical psychologist, who first treated her in August 2016 and had not reviewed her prior medical records, opined that her depressive condition was disabling, rendering her unable to work, and concluded, based upon claimant's self-reporting, that her disability was due to the work-related stress and harassment that she perceived and not due to her prior diagnoses stemming from her son's death.
We find that substantial evidence supports the Board's factual determination that claimant's depressive condition was not compensable, as the work-related incidents and conditions that led to her mental injuries did not involve stressors that were "greater than that which other similarly situated workers experienced in the normal work environment" (Matter of Burke v New York City Tr. Auth., 148 AD3d at 1499; see Matter of Novak v St. Luke's Roosevelt Hosp., 148 AD3d at 1510; Matter of Cuva v State Ins. Fund, 144 AD3d at 1365). Claimant's supervisors described normal oversight and monitoring practices undertaken to assist her in correcting deficiencies in and improving her performance, and claimant failed to identify any unusual stressors or conduct that would constitute harassment or bullying as alleged in her claim for benefits. With regard to her job transfer, the testimony established that it was voluntary and, while it appears that the transition and organization of the new unit were somewhat chaotic and that her accommodations were not immediately communicated to her new supervisors, there was no credible evidence that the transfer was retaliatory or that she was knowingly denied [*3]accommodations. Further, claimant was never disciplined, reprimanded or singled out for unfair treatment, and the work evaluations and feedback were undertaken in a good faith. Given the foregoing and deferring to the Board's determination of witness credibility, we discern no basis upon which to disturb the Board's decision denying benefits (see Matter of Burke v New York City Tr. Auth., 148 AD3d at 1499; Matter of Cerda v New York Racing Assn., 112 AD3d 1075, 1076 [2013]).
Garry, P.J., McCarthy, Lynch and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: To the extent that claimant argues that she did not receive the transcript of the WCLJ's findings and conclusions until after the deadline to file an administrative appeal (see Workers' Compensation Law § 23), the record does not reflect what efforts, if any, claimant made to obtain a transcript or to request permission to submit additional papers in support of her administrative appeal after receipt of the transcript. In any event, the record reflects that the Board reviewed the entire record and considered the WCLJ's findings and conclusions in rejecting claimant's administrative appeal and upholding the WCLJ's decision.