Matter of Cottrell v Kawasaki Rail Car, Inc. (2021 NY Slip Op 00609)





Matter of Cottrell v Kawasaki Rail Car, Inc.


2021 NY Slip Op 00609


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

530857

[*1]In the Matter of the Claim of Cornelius Cottrell, Claimant,
v
Kawasaki Rail Car, Inc., et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: January 14, 2021

Before: Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.


Morrison Mahoney LLP, New York City (David Allweiss of counsel), for appellants.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.



Lynch, J.
Appeal from a decision of the Workers' Compensation Board, filed August 8, 2019, which ruled, among other things, that the Workers' Compensation Law Judge did not engage in misconduct warranting the rescission of her decision.
In May 2000, claimant was involved in a work-related accident and he filed a claim for workers' compensation benefits. The claim was established for injuries to his neck and cervical and lumbar spine. He was awarded benefits, but they were later suspended due to the lack of medical evidence indicating that claimant had a causally-related disability. In January 2003, claimant was involved in another work-related accident and he filed a second claim for workers' compensation benefits. This claim was established for injuries to his head, neck and thoracic spine, and for consequential major depressive disorder. He was awarded benefits at various rates thereafter.
In February 2018, the 2000 claim was reopened based on evidence showing a change in claimant's medical condition involving his lower back. Further proceedings were conducted before a Workers' Compensation Law Judge (hereinafter WCLJ) with respect to both claims. During an April 2018 hearing, the WCLJ found that claimant was attached to the labor market and brought awards current on the 2003 claim. Claimant's counsel requested that payments on the 2003 claim be transferred to the 2000 claim so that further awards on the 2000 claim would not be foreclosed by the expiration of the 18-year period set forth in Workers' Compensation Law § 123.[FN1] The WCLJ declined to do so and adjourned the matter to consider this issue at a subsequent hearing.
On May 22, 2018, prior to the expiration of the 18-year period, the WCLJ conducted a hearing to consider this issue. Claimant's counsel pointed to recent medical reports disclosing that claimant was experiencing problems with his lumbar spine and was likely to require surgery. In view of this, counsel again requested that payments be transferred from the 2003 claim to the 2000 claim. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) opposed this request and asserted that, if any awards were made on the 2000 claim, they should be credited so that claimant would not receive more than $400 per week. At this point, the WCLJ asked claimant's counsel if he wanted awards to continue on the 2000 claim and, when he replied that he did, the WCLJ announced, "I'm going to ask somebody, I'll be back." The WCLJ left the hearing room and, when she returned, she made awards and transferred payments from the 2003 claim to the 2000 claim. The carrier's counsel noted his exception. Before the hearing concluded, the carrier's counsel asked the WCLJ who she consulted when she left the hearing room and she replied, "My, my panel, I have a panel, en banc, they ruled en banc." On May 29, 2018, the WCLJ issued a decision consistent with awards made at the hearing.
Thereafter, the carrier [*2]filed an application for Workers' Compensation Board review of this decision. The carrier contended, among other things, that the May 22, 2018 hearing should not have been transcribed as the digital recording was the official record and that the WCLJ improperly left the hearing room to consult with unknown parties. In February 2019, a panel of the Board issued a decision upholding the awards made by the WCLJ and found no impropriety in the WCLJ's conduct. The carrier, in turn, filed an application for full Board review of this decision. A panel of the Board denied the carrier's application, but subsequently, on its own motion, rescinded its February 2019 decision and referred the matter for further consideration.
On August 8, 2019, a panel of the Board issued a new decision that, among other things, again upheld the awards made by the WCLJ in her May 29, 2018 decision. In conducting its review, the Board panel considered the re-transcribed minutes of the May 22, 2018 hearing that had been corrected to remedy prior omissions.[FN2] The Board panel found that the written transcript of the May 22, 2018 hearing, as subsequently corrected, was the sole record of the hearing for all purposes and that the WCLJ's conduct in leaving the hearing to consult with a colleague was not a basis for rescinding her decision. The carrier appeals.
Initially, the carrier contends that the digital audio recording is the official record of the hearing and that there is no support for the Board's policy and practice of relying on the written transcript. We find no merit to this claim. The Workers' Compensation Law clearly contemplates the use of written transcripts, as it provides that written hearing transcripts may be received into evidence and that they shall have the same effect as if the stenographer were present and testified to the facts so certified (see Workers' Compensation Law § 122). Moreover, with respect to the conduct of hearings, the Board's regulations require it to maintain a verbatim record of all hearings and proceedings, and provide that "[t]he [B]oard will maintain in its case file a copy of the verbatim record it prepared in readable, viewable or audible format" (12 NYCRR 300.9 [c] [emphasis added]). Similarly, with respect to applications for administrative and/or full Board review, such regulations state, in pertinent part, that "[t]he [B]oard shall have the verbatim records of all hearings and proceedings placed in a case file it maintains in readable, viewable or audible format where the issue or issues raised in the application for review were covered" (12 NYCRR 300.13 [d] [emphasis added]). Significantly, the regulations do not mandate that the hearing record be maintained only in audible form, and the carrier has not cited to any authority supporting this claim. Accordingly, as the Board panel relied upon the corrected transcript of the May 22, 2018 hearing minutes, it properly based its decision upon on a review of the complete [*3]record before it.
The carrier further asserts that the WCLJ improperly conferred with unknown parties before rendering her decision and that, in view of this, such decision should be rescinded. Specifically, the carrier takes issue with the WCLJ's departure from the hearing to ask someone about whether payments should be transferred to the 2000 claim and her statement at the end of the hearing, apparently made in jest, that she had conferred with an en banc panel. Although the WCLJ arguably should have conducted herself in a more professional manner, there is no indication that the WCLJ was biased, had a conflict of interest, denied the parties the right to present evidence or violated applicable ethical standards (see generally Matter of Cuva v State Ins. Fund, 144 AD3d 1362, 1365 [2016]). Moreover, contrary to the carrier's claim, the WCLJ did not violate the provisions of 12 NYCRR 300.5 (a) in rendering her decision. In view of the foregoing, we find no reason to disturb the Board's decision.
Garry, P.J., Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The injuries precipitating the filing of the 2000 claim were incurred by claimant on May 25, 2000 and, pursuant to Workers' Compensation Law § 123, no further payments could be made on this claim after the lapse of 18 years from the date of such injuries.

Footnote 2: The minutes of the May 22, 2018 hearing were originally transcribed on June 15, 2018. When omissions were found, they were re-transcribed on October 19, 2018. When it was found that this transcript also contained omissions, the minutes were again re-transcribed on June 17, 2019. It is this corrected transcript that was considered by the Board panel during its review.